Jefferson Davis WINKFIELD,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–382–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 25, 1990.

Roger Bridgwater, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

A jury found appellant guilty of aggravated robbery, found two enhancement paragraphs to be true, and assessed punish-

ment at sixty-five years in the Texas Department of Corrections. We affirm the judgment of the trial court.

On the late afternoon of August 28, 1987, appellant approached Patty Adams, complainant, and Tracy Adams, complainant's daughter, in the parking lot of the Mainstream Apartments in Houston. While complainant was removing a bag of groceries from her daughter's car appellant pointed a gun at her and said "[g]ive me that purse...." Appellant removed complainant's purse from her arm and walked around the car where complainant's daughter handed him her purse at gun point. Then appellant crossed the parking area over to the mailboxes where he pointed a gun at Thelma Toth and said "[l]ady, give me your purse or I'll blow your head off." Appellant grabbed Toth's purse and tugged until the strap broke causing Toth to fall flat on her face. Appellant then ran down the parking lot to the street and got in a red Fiero automobile with the driver. As the car drove off appellant turned around, leaned out the window of the Fiero and fired shots back towards Toth and Robin Loose, a bystander. Robin Loose got the license plate number of the Fiero.

On the late evening of August 29, 1987, Houston police officers executed an arrest and search warrant at appellant's sister's home where appellant stayed at that time. The arrest and search warrant was not issued for this offense, but was issued for the robbery of Johnetta Cooper. The search and arrest warrant described the property to be searched for as: (1) a dark colored leather purse containing miscellaneous papers belonging to Johnetta Cooper; (2) assorted credit cards belonging to Johnetta Cooper; (3) check book issued by the Bank of Houston in the name of Johnetta Cooper; and (4) a dark colored revolver. The officers found and seized stolen purses from behind the couch where appellant would sleep when he stayed with his sister; they also found a loaded blue steel .22 caliber revolver in the front bedroom; Toth's Texas drivers license, and a straw hat that appellant wore during the robberies of the Adams and Toth.

In his first and second points of error, appellant contends that the record is unreliable because of typographical and clerical errors in the statement of facts and transcript filed for appeal.

When an appellant, through no negligence, laches or other fault of his own or his counsel's, is deprived of a part of the statement of facts which he diligently requested, the appellate court cannot affirm the conviction. *Nubine v. State*, 721 S.W.2d 430 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Counsel must make the necessary inspections of the record, both as to the transcript and the statement of facts (and any other proper parts of the record), after it is completed so they may object to the record and make sure that all the necessary and relevant material is included and properly and timely filed with the correct clerks. *Gates v. State*, 543 S.W.2d 360 (Tex.Crim.App.1976); *see also* Tex.R.App.P. 50(d); Tex.R.App.P. 53(k). To the extent that the statement of facts as prepared by the reporter is inaccurate, it may be corrected in accordance with the procedure prescribed by rule 55(a) of the Texas Rules of Appellate Procedure.

Likewise, where material matters are omitted, the record may be supplemented in accordance with Tex.R.App.P. 55(b). After the record is filed in the appellate court, any request for supplementation or correction must be addressed to that court. *Burns v. State*, 761 S.W.2d 486, 487 (Tex. App.—Corpus Christi 1988, pet. ref'd). The appellate court may abate the appeal and instruct the trial court to supplement the record, thus properly returning jurisdiction to the trial court for that purpose. *Burns*, 761 S.W.2d at 487; Tex.R.App.P. 55(c). No such motion has been filed with this Court. Further, the appellant provided a statement of facts that is not so clerically erred that its overall reliability is destroyed. Appellant's first and second points of error are overruled.

In his third point of error, appellant contends that the trial court erred in failing to include in the record motions filed pro se by appellant or by his attorney. The mo-

tions complained of were filed under a different case. The record indicates that appellant's trial counsel told the trial court that this is case number 483395 and the motions were filed under case number 483391. Appellant had demanded that he be tried separately under each case and there was no consolidation of cases. The record of the case that the motions were filed under is not a part of the record of this case. The appellate court is bound by the record before it. *Jones v. State*, 564 S.W.2d 718, 721 (Tex.Crim.App.1978). Appellant's third point of error is overruled.

■■■ Appellant, in points of error four and five, alleges that the trial court erred in admitting before the jury the robbery of Thelma Toth at the mailbox and the purse identified as Thelma Toth's purse because they are evidence of an extraneous offense. Appellant alleges by point of error seven and eight that the trial court erred in denying his requested charge to the jury on extraneous offenses at the guilt/innocence and punishment phases of the trial. Where an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven, proof of all such facts is proper. *Lincecum v. State*, 736 S.W.2d 673 (Tex.Crim.App.1987); *Moreno v. State*, 721 S.W.2d 295 (Tex. Crim.App.1986). Here, the robbery of Toth and the Adams' occurred moments apart at the same location. It is not necessary to give a limiting instruction on an extraneous offense which is admitted as part of a transaction which includes the offense on trial. *Hoffert v. State*, 623 S.W.2d 141, 145 (Tex.Crim.App.1981). Appellant's points of error four, five, seven and eight are overruled.

In his ninth point of error, appellant contends that the trial court erred in overruling appellant's objection to the prosecutor's argument regarding the use of extraneous offenses to increase punishment. First of all, appellant's trial attorney made no such objection to the third portion of the prosecutor's argument of which the appellant complains. Nothing is preserved in the absence of objection. *Esquivel v. State*, 595 S.W.2d 516 (Tex.Crim.App.1980).

■■■ In the second instance of the prosecutor's argument of which the appellant claims, the prosecutor stated, "Now, the defense attorney would like for you to forget about everybody except Patty Adams." The appellant's trial attorney responded, "Objection. Attack on the defendant through the defense attorney. Improper jury argument." The appellant's objection at trial differs from the point of error he advances on appeal; therefore, he has failed to preserve any error. *Montoya v. State*, 744 S.W.2d 15, 33 (Tex.Crim.App. 1987).

Likewise, as to the fourth portion of the prosecutor's argument complained of, the appellant's trial attorney made the following objection: "Objection. Improper jury argument. Misstatement of fact. Improper conclusion drawn from the facts in evidence. Improper jury argument based on those reasons." The appellant's trial attorney made no comment as to the argument relating to extraneous offenses. Appellant's trial objections differ from his point of error on appeal; therefore, he failed to preserve any error. *Montoya*, 744 S.W.2d at 33.

■■■ In the first instance of the prosecutor's argument complained of, the prosecutor stated, "But when Patty Adams saw him and when her daughter, Tracy, saw him and when Thelma Toth saw him and, yes, when he's pointing that gun and firing at Robin Loose —." While a defendant should not be punished for a collateral crime or for being a criminal generally, under the doctrine of "res gestae" the prosecution is entitled to elicit testimony on the facts and circumstances surrounding the commission of the offense and may then ask the jury to consider how these facts and circumstances serve as aggravating or mitigating factors in determining the severity of the punishment to be assessed for the offense charged. *Wilkerson v. State*, 736 S.W.2d 656 (Tex.Crim.App.1987). The State may not simply point out the existence of a collateral offense and thereby request additional punishment for that collateral offense. *Lomas v. State*, 707 S.W.2d 566 (Tex.Crim.App.1986). Such an

argument seeks to punish a defendant for an act for which he is not on trial. *Lomas*, 707 S.W.2d at 569. In this case, the State did not ask for additional punishment for the collateral offenses; rather, it asked the jury to consider the circumstances and their impact on society. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App.1983); *January v. State*, 678 S.W.2d 243 (Tex.App.— Corpus Christi 1984, pet. ref'd). Appellant's ninth point of error is overruled.

In points of error ten through fourteen appellant contends that the trial court erred in admitting the gun, the hat (allegedly worn by appellant on the afternoon of the robbery), and the purses of Patty Adams, Tracy Adams, and Thelma Toth before the jury because they were improperly seized in a search of appellant's residence. Appellant contends that these items were not specifically described or included in the warrant.[1]

The search and arrest warrant described the property to be searched for as: (1) a dark colored leather purse containing miscellaneous papers belonging to Johnetta Cooper; (2) assorted credit cards belonging to Johnetta Cooper; (3) check book issued by the Bank of Houston in the name of Johnetta Cooper; and (4) a dark colored revolver. The property seized and complained of was Patty Adams' purse, Tracy Adams' purse, Thelma Toth's purse, a dark colored revolver and a hat.

■ The Fourth Amendment to the Constitution of the United States requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. *Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965), *rehearing denied*, 380 U.S. 926, 85 S.Ct. 879, 13 L.Ed.2d 813 (1965). A general order to explore and rummage through a person's belongings is not permitted. *Williams v. Kunze*, 806 F.2d 594 (5th Cir.1986); *Walthall v. State*, 594 S.W.2d 74, 78 (Tex.Crim.App.1980). The items to be seized must be described with sufficient particularity such that the executing officer is left with no discretion to decide what may be seized. *Williams*, 806 F.2d at 598.

■ None of the seized purses were Cooper's; however, these purses were seized while the officers were searching for the items described in the search warrant. The police officers were lawfully in appellant's part time residence by virtue of the search warrant where they were searching for stolen property when they inadvertently discovered other stolen property. The seized purses were found in a suspicious place, behind the living room couch, and were found in conjunction with other items that were clearly stolen, i.e. Thelma Toth's drivers license. All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, having reasonable grounds to suppose it is stolen, and bringing it before a magistrate for examination. Tex.Code Crim.Proc.Ann. art. 18.16 (Vernon 1977).

■ The "dark colored leather purse containing miscellaneous papers belonging to Johnetta Cooper" and the "dark colored revolver" arguably were not particularly described. However, an item to be

---

1. The record reflects a motion to suppress hearing and the denial of that motion; however, the motion to suppress the evidence obtained with the search and arrest warrant is not contained in the record. The trial objections to the search and seizure evidence were made "subject to our Motion to Suppress." The motion to suppress hearing record reflects emphasis on the descriptions of the seized items used in this case. Considering the emphasis of the hearing and the arguments in the appellate briefs on the subject it is apparent that the objection was that these items were not specifically described or included in the warrant. To the extent that an appellate record adequately shows that the trial judge and opposing counsel were aware of the substance of a defendant's objection, thereby meeting the purpose of an objection, an objection preserves the complaint for appellate review. *Thomas v. State*, 723 S.W.2d 696 (Tex.Crim.App. 1986). The trial court obviously was aware of the substance of the objection because it granted a running objection. *Thomas*, 723 S.W.2d at 701. And the State obviously was aware of the substance of the objection because it cross-examined witnesses at the motion to suppress hearing. While there is nothing to show explicitly that the trial objections comport with the points on appeal, we will presume they do.

searched for with a search warrant must be described as near as may be. Tex. Const. art. I, § 9; Tex.Code Crim.Proc. Ann. art. 18.04(2) (Vernon 1977). The requirements for a sufficiently particular description can vary according to the thing being described. *Gonzalez v. State*, 577 S.W.2d 226 (Tex.Crim.App.1979).

A fairly general description which includes a reference to the circumstances under which the goods were stolen, when that added fact discloses something about the condition or appearance of the goods, will suffice. 2 LaFave, *Search and Seizure, A Treatise on the Fourth Amendment*, § 4.6(c), at 102 (1978). The general description of the purse together with the reference to the condition that the purse contains papers belonging to Johnetta Cooper make it possible for the police to identify a particular stolen purse at appellant's part time residence. Therefore, the search warrant is not invalid because of the purse description.

■ The description of the gun as "a dark colored revolver" was given by a witness at whom the gun was fired. There was not sufficient opportunity for the witness to obtain a more detailed identification of the gun.

■ To require police to set forth information they could not know, under the guise of particularity is to thwart reasonable police activity. *Quigg v. Estelle*, 492 F.2d 343 (9th Cir.1974), *cert. denied*, 419 U.S. 848, 95 S.Ct. 86, 42 L.Ed.2d 78 (1974) ("any .22 caliber pistol" held sufficient). A warrant may be sufficient with only a generic description, if more specific description of the thing to be seized is unavailable. *United States v. Smith*, 686 F.2d 234 (5th Cir.1982). In light of the circumstances, the gun was sufficiently described.

The hat was not mentioned in the warrant nor alleged to be stolen but was seized by the officer. However, the record indicates that the hat was not admitted into evidence at trial in this case. Appellant's points of error ten through fourteen are overruled.

■ In points of error, six, fifteen, sixteen and seventeen, appellant contests the admission of the robbery after-effects testimony. Appellant complains that the testimony of the three victims of his crime spree was inadmissible at the guilt phase of trial because it was not relevant. The three victims were Patty Adams, Tracy Adams and Thelma Toth. Patty Adams testified that after the robbery she was very apprehensive in public, never left her doors unlocked, was afraid to go out at night, and had sleep disturbances. Tracy Adams testified that she had to move out of the apartment and had nightmares. Thelma Toth testified that after the robbery she had nightmares, didn't sleep right, was afraid of people, was too scared to go to the mailbox alone and moved from the apartment.

Generally, a trial court's ruling on the admission of evidence will not be disturbed absent a clear abuse of discretion. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex. Crim.App.1985); *Kimes v. State*, 740 S.W.2d 903, 907 (Tex.App.—Corpus Christi 1987, pet. ref'd). Tex.R.Crim.Evid. 402 and 403 permit the admission of all relevant evidence unless its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. Thus, the admissibility of the evidence turns on the probative value and prejudicial nature of the evidence.

To see what is relevant, we must look at the elements of the offense. Having charged appellant with aggravated robbery, the State was required to prove that the victim was placed in fear of imminent bodily injury or death. The after-effects testimony is relevant to show that the victims were placed in fear of imminent bodily injury or death. The impact of the robbery on the victims goes to proving an element of the charge by using a cause and effect relationship. The State, by proving up the effect of the robbery on the victims, is able to substantiate the charged element of fear. The probative value of the after-effect testimony does not substantially outweigh its prejudicial value since the victims' testimony did not go too far (e.g. cumulative, distracting the jury, or confus-

ing etc.). Since the evidence was not unduly prejudicial and was probative on an issue in the case, we can not say that the trial court clearly abused its discretion.

■ Appellant alleges (but does not raise as a point) that the after-effects testimony of each victim was improper bolstering of their prior testimony of being placed in fear of their lives at the time of the robbery because there was no impeachment. "Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some unimpeached piece of evidence offered by the same party. *Sledge v. State*, 686 S.W.2d 127, 129 (Tex.Crim.App.1984). However, bolstering occurs when a third party corroborates evidence from another source. *See Sledge*, 686 S.W.2d at 129; *Lyons v. State*, 388 S.W.2d 950 (Tex.Crim.App.1965). No third party corroborated here.

With regard to appellant's sixth point of error, the discussion under points seven and eight are dispositive of the extraneous offense aspect. The Toth robbery was closely interwoven or blended with the Adams' robberies. Appellant's points of error six, fifteen, sixteen, and seventeen are overruled.

The judgment of the trial court is AFFIRMED.