Jordan-JL v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-076-CR

     JEROME LAMONT JORDAN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 21220CR
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted the appellant, Jerome Lamont Jordan, of aggravated robbery, Tex. Penal
Code Ann. § 29.03 (Vernon 1994), and sentenced him to twenty years' confinement in the
Institutional Division of the Texas Department of Criminal Justice. In his sole point of error, the
appellant argues that there is insufficient evidence to prove one of the elements of aggravated
robbery, specifically, that the victim was in fear of imminent bodily injury or death during the
course of the robbery. Tex. Penal Code Ann. § 29.03(a). We will affirm.
      An offense of aggravated robbery occurs when a person in the course of committing a theft
knowingly and intentionally threatens or places another in fear of imminent bodily injury or death
and uses or exhibits a deadly weapon. Id.; Fortenberry v. State, 889 S.W.2d 634, 636 (Tex.
App.-Houston [14th Dist.] 1994, pet. ref'd) (citing Robinson v. State, 596 S.W.2d 130, 132 (Tex.
Crim. App. 1980)). The appellant maintains the evidence is insufficient to support his conviction
because the victim's acts after the robbery negate the "fear of imminent bodily injury or death"
element. Under the standard of review for legal sufficiency, we must "consider all the record
evidence in the light most favorable to the jury's verdict, and [ ] determine whether, based on that
evidence and all reasonable inferences therefrom, any rational jury could have found the defendant
guilty beyond a reasonable doubt."


 Alvarado v. State, 912 S.W.2d 199, 207 (Tex. Crim. App.
1995); see also Jackson v. Virginia, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789 (1979).  
      At trial, the complainant, Walter R. Stigall, testified to the following facts: On August 19,
1994, while on an errand for his employer, Stigall was turning a corner at Wyatt and Henry
Streets in Waxahachie, when a man suddenly walked in front of the vehicle he was driving. To
avoid hitting the man, Stigall stopped the pickup. When he stopped, two other men, one later
identified as the appellant, approached the passenger-side of the vehicle and through the opened
window, offered to sell Stigall some marijuana and crack cocaine. When Stigall refused, the two
men began cursing Stigall, and the third man, who had been crossing the street, ordered the
appellant to "take him out." Pointing a gun at Stigall, the appellant said, "Give me your mother-fucking money, pop, or I'll blow your bitch head off." Fearing that his life was about to come
to an end, Stigall complied, handing the appellant ten dollars. Stigall drove away, stopping
approximately thirty feet from the men. Angered by the incident, Stigall got out of his pickup and
asked for his money back, saying that he "could take a joke." The appellant pulled out his gun
and began running toward Stigall, and the man who had been crossing the street in front of Stigall
started picking up rocks to throw at him. Stigall got back in his pickup and hurriedly drove away. 
      When he returned to work, Stigall's employer convinced him to report the incident to the
police. Fearing retaliation from the robbers, Stigall did not want to get involved; however, he did
call the police and asked them to confiscate the gun. Later that same day, he also returned to the
area where the crime occurred in order to help the police locate the robbers and the weapon, albeit
unsuccessfully.
      Several days later, while on another errand for his employer, Stigall encountered the same
three men standing on a different street. The record is unclear as to whether the men recognized
Stigall or whether Stigall called attention to himself. In either event, the men began throwing
rocks and bricks and cursing at Stigall, and Stigall yelled to the men that they were "going to jail." 
Backing his vehicle out of range of the hurling objects, Stigall asked people nearby to call the
police. The police quickly arrived on the scene but could not arrest any of the robbers without
a warrant. Upset the police could not take the robbers into custody at that time, Stigall agreed to
make a formal complaint so a warrant could be issued for the robbers' arrests. The appellant was
arrested at a later date and identified by Stigall as one of the men who had robbed him at gunpoint.
      The appellant argues that Stigall's acts of bravado in confronting the robbers immediately after
the robbery and several days later nullify any fear of death or bodily injury Stigall might have felt
during the robbery. Winkfield v. State, 792 S.W.2d 727, 732 (Tex. App.-Corpus Christi 1990,
pet. ref'd). In Winkfield, the court held that testimony regarding the after-effects each victim
experienced was relevant to prove the victims had been put in fear of imminent death or bodily
injury during the robbery. Id. The appellant urges this court to expand the holding in Winkfield
by holding that after-effects evidence can also negate an element of an offense. However, in
undertaking a review of the legal sufficiency of the evidence, we consider only the evidence
supporting the trial court's judgment. Jackson, 443 U.S. at 320, 99 S.Ct. at 2789; Alvarado, 912
S.W.2d at 207. Evidence of Stigall's actions after the robbery do not support the verdict;
therefore, it is not for our consideration. The jury, not appellate judges, are the fact-finders, and
in a review of the legal sufficiency of the evidence, we "may not re-evaluate the weight and
credibility of the record evidence." Alvarado, 912 S.W.2d at 207. Based on the evidence
presented at trial, a rational jury could have found beyond a reasonable doubt that Stigall was in
fear of imminent bodily injury or death at the time of the robbery. Consequently, the evidence
was legally sufficient to support the appellant's conviction. The appellant's point of error is
overruled.
      The judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 30, 1996
Do not publish