Opinion filed October 6,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00327-CR 

                                                    __________

 

                                 JON
PAUL PROCTOR, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 118th District Court

 

                                                          Howard
County, Texas

 

                                                      Trial
Court Cause No. 12653

 



 

O P I N I O N

 

The State charged Jon Paul Proctor by indictment with two counts of
aggravated sexual assault of a child, a first-degree felony.  Tex. Penal Code Ann. § 22.021
(Vernon 2011).  In Count One, the State alleged that Proctor intentionally or
knowingly caused the penetration of the sexual organ of K.T. with his tongue.  In
Count Two, the State alleged that Proctor intentionally or knowingly caused
K.T.’s mouth to contact his sexual organ.  The jury acquitted Proctor of the
offense charged in Count One of the indictment and convicted him of the
first-degree felony offense charged in Count Two.  The jury assessed his
punishment at forty-five years in the Institutional Division of the Texas
Department of Criminal Justice.  Proctor asserts in two issues that (1) the
trial court erred in failing to grant his motion to suppress evidence and (2) the
evidence is factually insufficient to support the conviction.  We affirm.

We will first address Proctor’s challenge to the sufficiency of the
evidence to support his conviction.  We note at the outset of our analysis that
the Texas Court of Criminal Appeals has now held in Brooks v. State, 323
S.W.3d 893 (Tex. Crim. App. 2010), that there is “no meaningful distinction
between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2]
factual-sufficiency standard”; that the Jackson v. Virginia standard is
the “only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt”; and that “[a]ll
other cases to the contrary, including Clewis, are overruled.”  Brooks,
323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly, a challenge to the
factual sufficiency of the evidence is no longer viable.  We also note that
appellant did not have the benefit of the opinion in Brooks when this
case was briefed.  We will review appellant’s sufficiency challenge under the
legal-sufficiency standard set forth in Jackson v. Virginia.  Under this
standard, we must review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307; Brooks, 323 S.W.3d at 899.

K.T., the child complainant, was thirteen years old when the offenses charged
in the indictment were alleged to have occurred.  Proctor was K.T.’s stepfather. 
On or about September 27, 2008, Proctor and K.T. were left alone in the
residence in which Proctor, K.T., K.T.’s mother, K.T.’s brother, and K.T.’s sister
lived.  K.T. testified that, after everyone other than K.T. and Proctor left
the house that day, Proctor told K.T. that she “needed to get ungrounded.”  According
to K.T., she was grounded by her parents due to problems with her grades and
for lying for her sister.  K.T. testified that Proctor told her to get
undressed and that he turned on a pornographic movie.  She testified that
Proctor tried to insert a dildo into her vagina but that he was unsuccessful because
K.T. clamped her legs together.  Proctor also told her to give him a “BJ,” and in
response, she “sucked on his penis.”  Prior to reaching climax, Proctor told
K.T. to stop.  K.T. testified that, after she stopped, Proctor ejaculated on
the carpet in between the television and the bed.  K.T. was thirteen years old
at the time.

During trial, over Proctor’s objection, the court admitted five pictures
obtained during a search of Proctor’s home pursuant to a search warrant.  The
pictures showed a dresser in Proctor’s bedroom and the contents found in it. 
These pictures included close-up photos of one drawer that contained
pornographic movies and another drawer that contained various sexual toys,
including dildos and vibrators.

Wayne Jones, ID technician for the Big Spring Police Department,
testified that, through the use of a black light, he identified a stain, which
at that time was presumptively believed to be bodily fluid, located in front of
both the bed and the television in Proctor’s bedroom.  The State submitted a
picture of the stain into evidence.  Using a distilled water swab, Jones
swabbed the stain and placed the sample in a container.  Jones testified that
the sample was sent to the Texas Department of Public Safety lab in Lubbock.  Daniel
J. Lindley, a forensic scientist in the DNA section of the Texas DPS, testified
that the swab contained semen.  He further testified that the DNA in the swab
was consistent with Proctor’s DNA profile.  The probability of randomly
selecting an unrelated person as the source of the profile was 1 in 25.26
quintillion for Caucasians.    

            Proctor
testified in his own defense that the events described by K.T. never occurred
and that the semen located on the floor was a result of his conjugal relations
with his wife.       

            Proctor
relies on conflicting testimony between K.T. and Proctor and on inconsistencies
in K.T.’s testimony in arguing that the evidence was insufficient to support
his conviction.  The jury, as the trier of fact, was the sole judge of the
credibility of the witnesses and of the weight to be given to their testimony. 
Tex. Code Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  The jury was free to believe or
disbelieve all or any part of any witness’s testimony and was entitled to
resolve any conflicts in K.T.’s testimony against Proctor and to conclude that
any inconsistencies in her testimony were inconsequential.  Cain v. State,
958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986); Empty v. State, 972 S.W.2d 194,
196-97 (Tex. App.—Dallas 1998, no pet.).  

In order to prove that Proctor committed the offense of aggravated sexual
assault as charged in Count Two of the indictment, the State had to show beyond
a reasonable doubt that Proctor intentionally or knowingly caused the
penetration of K.T.’s mouth by his sexual organ and that K.T. was younger than
fourteen years of age.  See Section 22.021(a)(1)(B)(ii),
(a)(2)(B).  A complainant’s testimony alone is sufficient to support the jury’s
finding that sexual contact or penetration did in fact occur.  See Garcia v.
State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); Tinker v. State,
148 S.W.3d 666, 669 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  And, the
testimony of a child victim alone is sufficient to support convictions for
sexual assault of a child and indecency with a child.  Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); Tear
v. State, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref’d).  In
addition, a jury could reasonably believe that finding Proctor’s semen on the
floor where K.T. said it would be corroborated her testimony.  Viewing all the
evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could have found all the elements of the offense beyond
a reasonable doubt.  Therefore, the evidence is sufficient to support Proctor’s
conviction for the offense of aggravated sexual assault of a child.  Proctor’s
second issue on appeal is overruled.  

            In
his first issue, Proctor argues that the trial court erred when it denied his
motion to suppress evidence received pursuant to the warrant issued to search
Proctor’s residence.  In support of this argument, Proctor makes several
contentions, which can be summarized as follows:   (1) the warrant was invalid
because the magistrate who signed the warrant lacked the authority to do so;
(2) the warrant failed to incorporate the affidavit supporting the warrant; and
(3) the warrant’s descriptions of property to be seized were inadequate, did
not meet the Texas Code of Criminal Procedure’s specificity requirement, and
did not demonstrate evidence of a crime having been committed.

            In
the days following the sexual assault, Detective Phil Whitten, a Big Spring
police officer, took K.T. and her sister, T.T., to the Children’s Advocacy
Center in Midland after a complaint was made by T.T. about Proctor.  The center
specializes in interviewing children in a controlled environment.  At the
center, both T.T. and K.T. were interviewed.  From outside the interview rooms,
Whitten monitored the interviews.  Based on K.T.’s complaint, the police
obtained a search warrant to search for evidence of the sexual assault,
including semen, sexual toys, and pornographic material.

In
reviewing a trial court’s ruling on a motion to suppress, appellate courts must
give great deference to the trial court’s findings of historical facts as long
as the record supports the findings.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  At a hearing on a motion to suppress, the trial court
is the sole factfinder and the judge of the witnesses’ credibility, and we may
not disturb any finding that is supported by the evidence unless an abuse of
discretion is shown.  Id.; Davis v. State, 829 S.W.2d 218 (Tex. Crim.
App. 1992).  Because the trial court is the exclusive factfinder, the appellate
court reviews evidence adduced at the suppression hearing in the light most
favorable to the trial court’s ruling.  Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000).  We also give deference to the trial court’s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 89. 
Where such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court’s actions de novo.  Id.; Davila v. State,
4 S.W.3d 844 (Tex. App.—Eastland 1999, no pet.).  

Proctor contends that the magistrate who issued and signed the warrant
was not a licensed attorney and that, because he was not an attorney, he was
not authorized to issue the warrant.  Article 18.01(c) of the Texas Code of
Criminal Procedure sets forth the applicable code provision upon which Proctor
bases his argument:

Except as
provided by Subsections (d), (i), and (j), only a judge of a municipal court of
record or a county court who is an attorney licensed by the State of Texas, a
statutory county court judge, a district court judge, a judge of the Court of
Criminal Appeals, including the presiding judge, or a justice of the Supreme Court
of Texas, including the chief justice, may issue warrants under Article
18.02(10).

 

Tex. Code Crim. Proc. Ann. art.
18.01(c) (Vernon Supp. 2010).

It is uncontested that the magistrate issued the warrant under Article
18.02(10), which provides in relevant part:  “A search warrant may be issued to
search for and seize . . . property or items, except the personal
writings by the accused, constituting evidence of an offense or constituting
evidence tending to show that a particular person committed an offense.”  Tex. Code Crim. Proc. Ann. art. 18.02(10)
(Vernon 2005).  These search warrants are commonly referred to as evidentiary
warrants.  Graves v. State, 307 S.W.3d 483, 495 (Tex. App.—Texarkana
2010, pet. ref’d) (citing Mullican v. State, 157 S.W.3d 870, 873 (Tex.
App.—Fort Worth 2005, pet. ref’d)).

Proctor is correct that generally one of the magistrates listed in Article
18.01(c) must issue a warrant under Article 18.02(10).  Id.  However, Article
18.01(i) provides an exception to this rule:

            In a
county that does not have a judge of a municipal court of record who is an
attorney licensed by the state, a county court judge who is an attorney
licensed by the state, or a statutory county court judge, any magistrate may
issue a search warrant under Subdivision (10) or Subdivision (12) of Article
18.02 of this code.

 

In his brief, Proctor acknowledges the existence of the exception;
however, he asserts, “There is nothing within the record which shows the
applicability of the exception.”  It is true that there is nothing in the
record that specifically states that the exception applies.  But there is also
nothing in the record that indicates that it does not apply.  In his motion to
suppress, Proctor stated, in part, the following:

            That
on or about October 3, 2008, and November 5, 2008, the Honorable Mark Barr, a
non-lawyer County Court Judge of Howard County, signed two search warrants,
both of which were alleged evidentiary search warrants.  Both warrants are
invalid as evidentiary search warrants.  Neither warrant “identify, as near as
may be, that which is to be seized and namely described, as near as may be, the
person, place or thing to be searched” as required by Article 18.04 of the
Texas Code of Criminal Procedure.

 

This is the
only mention in the record that the issuing magistrate was not a licensed
attorney.  Proctor did not offer any evidence in support of the motion, and no
one discussed the issue at the hearing on the motion to suppress.

The burden of proof in a hearing on a defendant’s motion to suppress is
initially upon the defendant.  Russell v. State, 717 S.W.2d 7, 9 (Tex.
Crim. App. 1986).  When no objection is made, a presumption exists that the
judge acted properly in the regular discharge of his duties.  Zarychta v.
State, 44 S.W.3d 155, 165 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d). 
Because Proctor offered no evidence during the hearing to show that the county
court judge who issued the warrant was without authority to do so, he did not
overcome the presumption that the judge acted within his authority to issue the
warrant.  Id.  Proctor’s contention regarding the county court judge’s
authority to issue the warrant is overruled.   

            Proctor
argues that the warrant did not properly incorporate the affidavit by reference
and, thus, constituted nothing more than a general warrant.  On the issue of
incorporation, the Court of Criminal Appeals has stated the following:        

[W]hen the
affidavit is incorporated by reference, it becomes a part of, and can be used
to aid the description in, the search warrant.  The reason for the rule underscores
our recognition that a factual affidavit, upon which the actual instrument of
search or seizure must succeed or fail, is usually more specific and meticulous
in reciting the information known to an affiant than is the warrant which
follows.  By nature the affidavit is intended to inform and persuade; the
warrant simply executes the determination of probable cause made by the
magistrate.  When the question on appeal relates to descriptive facts
supporting the probable cause determination, a reviewing court may logically
look behind the warrant to the supporting affidavit.

 

Green v.
State, 799 S.W.2d 756, 760 (Tex. Crim. App. 1990). 

            Here,
the warrant contains, in pertinent part, the following language: “[Y]ou are
commanded to enter the suspected place and premises described in said Affidavit
and to search for the property described in said Affidavit and to seize the
same and bring it before me.”  In addition, the warrant specifically provides
that the “affidavit is by this reference incorporated herein for all
purposes.”  This language unequivocally incorporates Detective Whitten’s
affidavit into the warrant.  

            Proctor
also argues that, even if the affidavit was incorporated into the warrant, it
is of no effect because there is no showing in the record that the affidavit
accompanied any officer in executing the warrant.  However, there is no
evidence that the affidavit was not present at the search site, and there is no
evidence presented of prejudice or harm.  As discussed below, during the
execution of the search warrant, no evidence was seized that exceeded the scope
of the warrant.  Proctor’s arguments are overruled.

Proctor contends that the description of the property to be seized did
not demonstrate evidence of a crime having been committed and did not comport
with the requirements of Article 18.01(c)(2).  Article 18.01(c)(2)
provides, “A search warrant may not be issued under Article 18.02(10) unless
the sworn affidavit . . . sets forth sufficient facts to establish
probable cause . . . that the specifically described property or
items that are to be searched for or seized constitute evidence . . . that a
particular person committed that offense.”  Article 18.01(c)(2).  Proctor bases
this argument on a portion of Detective Whitten’s affidavit, which provides the
following:

The property and
items which are located therein and constitute evidence of an offense, and
which tends to show that Jon Proctor committed the offense of Aggravated Sexual
Assault Of A Child, are more particularly described as the following items from
the residence of [Proctor’s address].

 

(1) Semen

(2) Sexual toys and pornographic material (movies, pictures, magazines)

Proctor
contends that the above description is not such that the executing officer
would be left with no discretion to decide what may be seized.  See Williams
v. Kunze, 806 F.2d 594 (5th Cir. 1986); Winkfield v. State, 792
S.W.2d 727, 731-32 (Tex. App.—Corpus Christi 1990, pet. ref’d).

            “[W]hen
courts examine the description of the place to be searched to determine the
warrant’s scope, they follow a common sense and practical approach, not a ‘Procrustean’
or overly technical one.”  Long v. State, 132 S.W.3d 443, 448 (Tex.
Crim. App. 2004).  In addition to the quoted excerpt above, the affidavit also contained
Proctor’s address and a description of the residence.  It provided that the
most recent sexual assault had taken place in Proctor’s bedroom.  It provided
that the vibrating toy that Proctor attempted to insert into K.T.’s vagina and
the pornographic movie that Proctor played on his bedroom television during the
sexual assault were both retrieved by Proctor from his bedroom dresser. 
Additionally, it provided where on the bedroom floor Proctor’s semen landed
after he removed his penis from K.T.’s mouth.  

Read as a whole, the warrant and the affidavit contained sufficient
descriptions of the items to be seized and also demonstrated that the items
sought constituted evidence of a crime.  The officers who conducted the search
were not left to their own discretions to decide what could be seized. 
Moreover, the only items seized in the execution of the warrant were those
described in the warrant:  pornographic movies, sex toys, a pornographic
magazine, and two swabs from the bedroom floor.  All of these items were seized
from Proctor’s bedroom.

On this same issue, Proctor specifically contends that the warrant’s
description of “semen” is insufficient because it did not distinguish whose
semen was to be seized.  Proctor does not indicate how identifying whose semen
was to be seized from Proctor’s residence would help the police in narrowing
their search.  Nevertheless, as described above, the affidavit indicated that
the semen was Proctor’s.  Furthermore, the affidavit contained a specific
location where the semen would be – Proctor’s bedroom floor.

Additionally, Proctor argues that the description of the pornographic
materials and sexual toys was too general.  During the trial, Proctor argued in
support of his objection that the picture of the open drawer containing various
pornographic movies and sexual toys in Proctor’s bedroom dresser should not be
allowed into evidence until K.T. specifically identified the ones that were
used during the assault.  The State argued that it was unrealistic to expect
her to know which one was used during the sexual assault.  We agree; when read
as a whole, the description provided in the warrant and affidavit was
sufficient.  The magistrate did not abuse his discretion when he found that the
search warrant described the items to be seized with sufficient specificity.  Proctor’s
contention that the warrant failed due to its description being too general is
overruled.  We overrule Proctor’s first issue on appeal.

            The
judgment of the trial court is affirmed.

 

                                                                              

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

October 6, 2011

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996).