# NO. 12-11-00184-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ELKON CRUTCHFIELD,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Elkon Crutchfield appeals his conviction for three counts of engaging in organized criminal activity. In five issues, Appellant argues that the evidence is insufficient to support the verdict and that the trial court erred in overruling two of his objections to evidence offered by the State. We affirm.

### BACKGROUND

A Henderson County grand jury indicted Appellant along with LaChance Crutchfield and Keith Washington for the felony offense of engaging in organized criminal activity. The indictment arose from a criminal investigation of activities at the Crutchfields' home. Specifically, investigators observed what they believed to be stolen items at the home and obtained and served three search warrants on the residence. In the course of their investigation, the investigators recovered two ATVs that they later determined were stolen and a trailer containing equipment that had been stolen from a business.

Prior to trial, Appellant filed a motion to suppress evidence. In his motion to suppress, Appellant argued that the warrants failed to describe items subject to search with adequate

particularity and that the judges who signed the warrants did not have the authority to do so because they were not attorneys. The trial court denied the motion to suppress following a hearing.

Appellant pleaded not guilty at trial. All three men were tried together. The jury found Appellant guilty of the three charged instances of engaging in organized criminal activity. Appellant pleaded true to the allegation that he had a prior felony conviction, and the jury assessed punishment at imprisonment for thirty years on one count and twenty years each on the remaining two counts. This appeal followed.

## SEARCH WARRANTS

In his first issue, Appellant argues that the trial court erred in overruling his motion to suppress evidence because the search warrants do not authorize the seizure of the two ATVs.

### Background

During the investigation, Texas Department of Public Safety agent Richard Fulton observed a truck pull into the Crutchfield residence with a trailer in tow. In the trailer was an ATV and other items. Fulton saw the men at the residence unloading the ATV and other items quickly and in a manner that he thought was suspicious. Shortly thereafter, Fulton obtained the first of three search warrants for the Crutchfield residence. In the affidavit in support of the warrant, he detailed his investigation into stolen property, including the recovery of stolen property at another address in Henderson County. At that other location, he had recovered a stolen car that had mail belonging to Elkon Crutchfield in it and a trailer he believed to be stolen that had a license plate belonging to Elkon Crutchfield on it. In the affidavit, Fulton asked for permission to recover the trailer located at the Crutchfield residence and the ATV. The magistrate signed a warrant authorizing him to search the residence and to bring before the court "the property described in the affidavit, to-wit: A black tandem axle gooseneck dump trailer, unknown make, and other property, vehicles, and vehicle parts stolen during an ongoing scheme of events by Elkon and LaChance Crutchfield."

In the return and inventory on the search warrant, the officer indicated that he seized a Dodge pickup truck, the gooseneck trailer, and two "unidentified blue Yamaha ATV[s]."

2

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to the trial court's determination of historical facts and then review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Where the trial court does not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's rulings, and assume the trial court made implicit findings of fact supporting its ruling. *Id*. at 327-28.

**Analysis**

The Texas Court of Criminal Appeals has held that intermediate appellate courts are to "review preservation of error on [their] own motion." *See Ford v. State*, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009). This is because preservation of issues for appellate review is a systemic requirement on appeal, and an appellate court should not "address the merits of [an] issue" if it "has not been preserved for appeal." *Id*.; *see also Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010).

A defendant has preserved the issues raised in a pretrial motion to suppress by obtaining a ruling on the motion and need not object when the evidence is introduced at trial. *See Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (citing *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986)). However, the affirmative acceptance of this previously challenged evidence waives any error in the admission of that evidence. *See Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992); *Lemons*, 135 S.W.3d at 882. Affirmative acceptance can be shown by stating that the party has no objection to the evidence when it is offered. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (any error waived when "appellant affirmatively stated that he had no objections"); *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (appellant's response during trial that he had "no objection" waived pretrial objection presented at suppression hearing).

Appellant stated that he had no objection to the photographs of the evidence that was offered. This waives his previous objection. *See Swain*, 181 S.W.3d at 368; *Jones*, 833 S.W.2d at 126. But even if Appellant had preserved his pretrial objection to the ATVs, we would uphold the trial court's ruling.

3

In determining whether a specific warrant meets the particularity requirement, a court must inquire whether an executing officer reading the description in the warrant would reasonably know what items are to be seized. *Porath v. State*, 148 S.W.3d 402, 410 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (citing *United States v. Layne*, 43 F.3d 127, 132 (5th Cir. 1995)); *see also Uresti v. State*, 98 S.W.3d 321, 337 (Tex. App.–Houston [1st Dist.] 2003, no pet.) ("The items to be seized must be described with sufficient particularity such that the executing officer is left with no discretion to decide what may be seized.") (citing *Winkfield v. State*, 792 S.W.2d 727, 731 (Tex. App.–Corpus Christi 1990, pet. ref'd)).

Police officers may seize incriminating evidence found in "plain view" when executing a warrant. *See Zarychta v. State*, 44 S.W.3d 155, 166-67 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd). For the plain view exception to the warrant requirement to attach, two requirements must be met: (1) the officer must be in a proper position to view the item or lawfully be on the premises; and (2) the fact that the officer has discovered evidence must be immediately apparent. *Id*. (citing *Joseph v. State*, 807 S.W.2d 303, 308 (Tex. Crim. App. 1991)); *Sandefer v. State*, Nos. 12-04-00013-CR, 12-04-00014-CR, 12-04-00015-CR, 12-04-00016-CR, 2005 Tex. App. LEXIS 6301, at *24-25 (Tex. App.–Tyler Aug. 10, 2005, no pet.) (mem. op., not designated for publication) (citing *Bower v. State*, 769 S.W.2d 887, 906 (Tex. Crim. App. 1989)).

Appellant argues that the ATVs could not be recovered because there were not specifically enumerated in the warrant. However, the warrant did permit the recovery of "vehicles, and vehicle parts stolen during an ongoing scheme of events by Elkon and LaChance Crutchfield," and one of the ATVs was described in the search warrant affidavit. This could be an overbroad grant of authority, but it is no broader than the general requirement to bring stolen property to court and, with respect to at least one of the ATVs, it was described by the affidavit. *See* TEX. CODE CRIM. PROC. ANN. art. 18.16 (West 2005).

Appellant argues that the incriminating nature of the ATVs was not immediately apparent and, therefore, they could not be seized pursuant to the plain view doctrine. The trial court could have reasonably rejected this argument. Fulton testified that he believed the ATVs were stolen. This belief was based on his observation of the three men hiding one of the ATVs on the property and the fact that one of the trailers had a missing or tampered with VIN. He also wrote in his affidavit about recovering stolen vehicles that were reported to have come from the Crutchfields

4

and a trailer that had been stolen that had license plates belonging to Appellant. He testified at the motion to suppress hearing that he also recovered a stolen vehicle that contained mail that belonged to Appellant. He also testified that he had recovered stolen vehicles previously that were "freshly stolen," and he thought that the activities of the men unloading the trailer did not look "like they were trying to preserve the property and get it out of the elements." Instead, it appeared to him that "they were trying to conceal it and to conceal it very quickly." He testified that they quickly moved the ATV and started to "push[] stuff in front of it." This was done, in his opinion, to conceal stolen property. When he served the search warrant, Fulton obtained additional information that led him to believe that the ATVs were stolen. He recovered a truck that had stolen license plates on it and a VIN number that did not match the vehicle.

Considering all of the information available at the hearing on the motion to suppress, the trial court did not err in overruling Appellant's motion to suppress. One ATV was described in the affidavit and the warrant authorized its collection. The officers were permitted to seize the second ATV because it appeared, under the circumstances to be stolen property and connected to the same offense that was being investigated. *See Bower*, 769 S.W.2d at 906.

We overrule Appellant's first issue.

### SUFFICIENCY OF THE EVIDENCE

In his second and third issues, Appellant argues that the evidence is insufficient to show that the ATVs recovered by the police were, in fact, the ATVs stolen from the complaining witness. In his fourth issue, Appellant argues that there is insufficient evidence to show that he was responsible as a party for the theft of the ATVs.

**Standard of Review and Applicable Law**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this

5

standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

As charged in the amended indictment on the charges relevant to this appeal, the State's evidence had to show that Appellant did unlawfully appropriate two ATVs with a value of more than $1,500 and less than $20,000 without the effective consent of the owner and with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West Supp. 2012). Additionally, the State had to prove that Appellant committed the offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on the alleged criminal activity. TEX. PENAL CODE ANN. § 71.02(a)(1) (West Supp. 2012).

**Analysis–Identification of Stolen Property**

In his second issue and third issues, Appellant challenges the sufficiency of the evidence showing that the ATVs recovered from his home were the stolen ATVs. This question has to do with a complication in the State's case. The ATVs that were recovered from the Crutchfield home were almost immediately stolen from the police and were never recovered. However, the complaining witness adequately identified the ATVs at trial. Bridget Long, the complaining witness, provided the investigating officer, Texas Department of Public Safety agent Richard Fulton, with a release of lien form that contained a VIN number for one of the ATVs. Fulton

6

testified that the VIN number matched the 1998 ATV that was recovered. The other ATV was a 2004 model. Long did not provide a VIN number, but she did provide a photograph that showed an unusual skull insignia on the 2004 model ATV that she said was stolen. Fulton verified that the same skull insignia was on the recovered ATV.

Appellant points out that the release of lien form was not provided to the jury and that the complaining witness was not asked to identify a photograph of one of the ATVs that was introduced into evidence. The VIN numbers on the recovered ATVs were not recorded in the search warrant return. Appellant postulates that this means Fulton did not have the VIN numbers at that time and concludes that he never had the VIN numbers because of the subsequent theft of the ATVs. Appellant also points out a discrepancy between the search warrant return and the description of the ATVs. The complaining witness said that one stolen ATV was blue and the other was white. The search warrant return lists two blue ATVs.

Considering the burden of proof, a rational jury could have concluded that the recovered, and subsequently stolen, ATVs were the same ones stolen from Long. Fulton appeared to compare the VIN number he received from Long to one in his report in real time while testifying. Either he recorded the VIN number and compared it to a document Long provided him, or he participated in an elaborate charade to falsely implicate Appellant in a theft. In the context of this case, the determination whether he actually compared VIN numbers while in court or pretended to do so is a credibility determination to be made by a jury. As to the colors of the ATVs, different people might describe the color of an ATV differently based on their perception of the dominant color. The jury heard that the VIN on one of the ATVs matched and that the other ATV had distinctive marking that was shown in a photograph in Long's possession and that matched the recovered ATV. The jury's resolution of the apparent inconsistencies in the descriptions of the ATVs is not unreasonable or irrational. We overrule Appellant's second and third issues.

**Analysis–Party Responsibility**

In his fourth issue, Appellant argues that there is insufficient evidence that he acted as a party to the theft of either of the ATVs. Specifically, Appellant argues that Fulton did not see him do anything active in unloading the ATV that Fulton saw unloaded at the home. He also points out that Keith Washington, a codefendant, testified that he borrowed Appellant's truck to purchase the ATVs from a third party but that Appellant did not know what he intended to do with the truck.

7

The State's theory of the case was that Fulton had broken up an active theft ring that traded in stolen vehicles, trailers, tools, and equipment. There was evidence to support this theory, including the copious amount of stolen property recovered from the residence–property that had been stolen from a variety of sources at different points in time. In light of all of the stolen property, and the fact that Appellant controlled the premises where it was housed, a rational juror could conclude that Appellant assisted with the commission of the theft. Appellant was not a mere bystander or a person who was merely present at the scene of the offense. *See*, *e.g.*, ***Gross v. State***, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012) (mere presence, without more, insufficient to support a conviction as a party to the offense). Appellant's truck was used to transport stolen property that was unloaded at a residence owned or controlled by Appellant. Additionally, there was testimony that Appellant attempted to trade a stolen welding device. That device had been in a trailer that had been stolen and was later found with a license plate on it that belonged to Appellant. Based on this evidence, the jury could rationally conclude that Appellant was a participant in the theft and could have elected to disbelieve Washington's statement that Appellant was unaware that his truck was being used to transport stolen items. We overrule Appellant's fourth issue.

**ADMISSION OF EVIDENCE**

In his fifth issue, Appellant argues that the trial court erred when it allowed the State to introduce into evidence a book-in sheet used at the jail.

**Applicable Law and Standard of Review**

Hearsay is an out of court statement offered in evidence for the truth of the matter asserted. *See* TEX. R. EVID. 801(d). Hearsay is inadmissible absent an exception allowing for its admission. *See* TEX. R. EVID. 802. One exception to the hearsay rule allows for the admittance of records of regularly conducted activity. *See* TEX. R. EVID. 803(6). Commonly called the business records exception, the rule allows admission of "records of regularly conducted activity" which includes

> a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the

8

regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness.

*Id*.

Generally, we review a trial court's ruling on evidentiary matters for an abuse of discretion. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

**Analysis**

Appellant argues that the State did not show that the book-in sheet was made at or near the time of the event it recorded or that it was made by a "person with knowledge who was acting in the regular course of business." The sponsoring witness did testify that the book-in sheet was kept in the regular course of business and made by a person with personal knowledge of the information contained in the document. He also testified that the information on the sheet was provided by the person being booked into the jail.

There is a basis, therefore, for the trial court to conclude that a person with the appropriate knowledge made the book-in sheet record. There is no precise testimony as to the timing of the creation of the document. However, the document is dated, and the trial court, in its discretion, could have accepted the date as being sufficient to satisfy the foundational requirements of the rule.

Even if the trial court erred, Appellant was not harmed by the admission of the document. Erroneous admission of hearsay is nonconstitutional error. TEX. R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927-28 (Tex. Crim. App. 2004). We must disregard all nonconstitutional errors that do not affect the appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005); *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). A "substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Morales*, 32 S.W.3d at 867 (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). Substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has

fair assurance that the error did not influence the jury, or had but a slight effect." ***Motilla v. State***, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting ***Solomon v. State***, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)).

The State sought to introduce the document to show Appellant's address, which was the same as the address where the search warrant was executed. As the State points out, this information was also admitted in the form of bond paperwork signed by Appellant and admitted without objection. Appellant, however, asserts that he was harmed by the admission of the evidence not because it showed his address but because it showed that he was booked into jail on November 23, 2010. Appellant asserts that the document shows he had been arrested for an unnamed offense and that this violates his substantial rights. This is a clever reading of the record, but it was largely unexplained at trial as to when Appellant was arrested other than the fact that he and his codefendants were not arrested when the warrants were served in June 2010.[1]

In determining the likelihood that a jury's decision was adversely affected by the error, an appellate court should consider "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." ***Morales***, 32 S.W.3d at 867. The reviewing court might also consider the jury instructions, the State's theory and any defensive theories, closing arguments, and voir dire, if material to an appellant's claim. ***Motilla***, 78 S.W.3d at 355-56 (citing ***Morales***, 32 S.W.3d at 867).

No party emphasized the unexplained divergence of dates. The State made one mention in closing argument of the address and referred to it as Appellant's address on the date he was arrested. If a juror was astute enough to parse the two documents and determine that Appellant had been arrested after he bonded out, that juror would also know that defendants in criminal cases are often rearrested for reasons that do not relate to new charges.

In conclusion, the trial court's ruling admitting the exhibit was not outside the zone of reasonable disagreement and, in light of the record, we have a fair assurance that Appellant was

---

[1] It appears that Appellant was arrested in August 2010 and bonded out. He was rearrested in October or November 2010 after the grand jury returned an indictment. It also appears, from the unredacted book-in sheet that was not provided to the jury, that he was booked into jail in November for two charges of aggravated assault.

not unfairly harmed by the admission of the document.

We overrule Appellant's fifth issue.

## DISPOSITION

Having overruled Appellant's five issues, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered February 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2013**

**NO. 12-11-00184-CR**

**ELKON CRUTCHFIELD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd Judicial District Court
of Henderson County, Texas. (Tr.Ct.No. B-18,186A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

12