Mullican v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-142-CR

CLIFF NEAL MULLICAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

OPINION

------------

Appellant Cliff Neal Mullican appeals his conviction for possession and promotion of child pornography.  In a single point, appellant contends that the trial court erred in denying his motion to suppress.  Appellant argues that the  
trial court should have suppressed 
the pornographic images of children taken from his computer because they were personal writings not subject to seizure with an evidentiary search warrant.  
We will affirm.

In October 2003, a detective from the New York Police Department’s Computer Investigation and Technology Unit notified the Texas Attorney General’s Cybercrime Unit that child pornography was being disseminated from an Internet Protocol (“IP”) address in Granbury, Texas.  The IP address was traced to appellant’s roommate.  A search warrant authorizing the seizure of computer hardware, software, peripherals, files, and three specific images of child pornography from the residence appellant shared with his roommate was obtained and executed.  During the search, law enforcement seized appellant’s hard drives and diskettes, which contained approximately one thousand images of child pornography.

Appellant was charged with three counts of promotion of child pornography and seven counts of possession of child pornography.  The trial court denied appellant’s motion to suppress the pornographic images of children seized under the search warrant.  A jury found him guilty of the offenses charged and assessed punishment at twenty years’ incarceration for promotion of child pornography and ten years’ incarceration for possession of child pornography.

Appellant argues that the 
trial court should have suppressed 
the pornographic images of children taken from his computer because they were personal writings not subject to seizure with an evidentiary search warrant issued under article 18.02 of the Texas Code of Criminal Procedure.
(footnote: 1)  
The state argues that pornographic images of children do not constitute personal writings and that, even if they did, the personal writing exception would not apply because the search warrant was not “evidentiary.”

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. 
 Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Harrison v. State
,
 
 144 S.W.3d 82, 85-86 (Tex. App.—Fort Worth 2004).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
 Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best
, 118 S.W.3d at 861-62.  However, we review de novo a trial court's rulings on mixed questions of law and fact if they do not turn on the credibility and demeanor of witnesses.  
Johnson
, 68 S.W.3d at 652-53; 
Harrison
, 144 S.W.3d at 86.  Because appellant’s point does not turn on the credibility and demeanor of witnesses, we will review the trial court’s denial of appellant’s motion to suppress de novo.

Article 18.02 of the code of criminal procedure sets forth the rules governing the issuance of search warrants in Texas.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 18.02.  Search warrants may issue for any of the nine items listed in sections one through nine of article 18.02.  
Id. 
Among the items listed is “any property the possession of which is prohibited by law.”  
Id.
 art. 18.02(8).

A search warrant may also be issued under article 18.02(10) to search for and seize “property or items, except the personal writings of the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense.”  
Id.
 art. 18.02(10).  A search warrant issued under this article is referred to as an “evidentiary warrant.” 
 See Lindley v. State
, 736 S.W.2d 267, 274 (Tex. App.—Fort Worth 1987, pet. ref'd); 
Scott v. State
, 868 S.W.2d 430, 432 (Tex. App.—Waco 1994, pet. ref’d).

The pornographic photographs seized in this case constituted “property the possession of which is prohibited by law,” which may be the subject of a warrant issued under article 18.02(8).
(footnote: 2)  The photographs may also be characterized as “property or items . . . constituting evidence of an offense.”  
Tex. Code Crim. Proc. Ann.
 art. 18.02(10).  They do not, however, constitute “personal writings of the accused.”  
Id.
  Personal writings refers to writings like diaries, memos, and journals that were not intended by the writer to be published to third parties, 
Reeves v. State
, 969 S.W.2d 471, 486 (Tex. App.—Waco 1998, pet. ref’d), and personal, nonbusiness letters,
 Nikrasch v. State
, 698 S.W.2d 443, 448 (Tex. App.—Dallas 1985, no pet.).  These forms of personal written expression do not include pornographic photographs of children.

We hold that the pornographic photographs of children found in appellant’s computer were properly seized under article 18.02 of the code of criminal procedure and were not appellant’s personal writings.  Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

PUBLISH

DELIVERED: February 3, 2005 

FOOTNOTES
1:
See
 
Tex. Code Crim. Proc. Ann.
 art. 18.02(10) (Vernon Supp. 2004-05).  
Evidence obtained in violation of article 18.02 is not admissible as evidence against the accused in the trial of any criminal case.  
Id.
 
art. 38.23.

2:
Tex. Code Crim. Proc. Ann.
 art. 18.02(8).  
Possession of child pornography is a third-degree felony, and the promotion of child pornography or possession of child pornography with the intent to promote it is a second-degree felony.  
Tex. Penal Code Ann.
 § 43.26(a), (b)(3), 
(e), (g) (Vernon Supp. 2004-05).