**Opinion filed October 6, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00327-CR
_____

### JON PAUL PROCTOR, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12653**

### O P I N I O N

The State charged Jon Paul Proctor by indictment with two counts of aggravated sexual assault of a child, a first-degree felony. TEX. PENAL CODE ANN. § 22.021 (Vernon 2011). In Count One, the State alleged that Proctor intentionally or knowingly caused the penetration of the sexual organ of K.T. with his tongue. In Count Two, the State alleged that Proctor intentionally or knowingly caused K.T.'s mouth to contact his sexual organ. The jury acquitted Proctor of the offense charged in Count One of the indictment and convicted him of the first-degree felony offense charged in Count Two. The jury assessed his punishment at forty-five years in the Institutional Division of the Texas Department of Criminal Justice. Proctor asserts

in two issues that (1) the trial court erred in failing to grant his motion to suppress evidence and (2) the evidence is factually insufficient to support the conviction. We affirm.

We will first address Proctor's challenge to the sufficiency of the evidence to support his conviction. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's sufficiency challenge under the legal-sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

K.T., the child complainant, was thirteen years old when the offenses charged in the indictment were alleged to have occurred. Proctor was K.T.'s stepfather. On or about September 27, 2008, Proctor and K.T. were left alone in the residence in which Proctor, K.T., K.T.'s mother, K.T.'s brother, and K.T.'s sister lived. K.T. testified that, after everyone other than K.T. and Proctor left the house that day, Proctor told K.T. that she "needed to get ungrounded." According to K.T., she was grounded by her parents due to problems with her grades and for lying for her sister. K.T. testified that Proctor told her to get undressed and that he turned on a pornographic movie. She testified that Proctor tried to insert a dildo into her vagina but that he was unsuccessful because K.T. clamped her legs together. Proctor also told her to give him a "BJ," and in response, she "sucked on his penis." Prior to reaching climax, Proctor told K.T. to stop. K.T. testified that, after she stopped, Proctor ejaculated on the carpet in between the television and the bed. K.T. was thirteen years old at the time.

---

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

During trial, over Proctor's objection, the court admitted five pictures obtained during a search of Proctor's home pursuant to a search warrant. The pictures showed a dresser in Proctor's bedroom and the contents found in it. These pictures included close-up photos of one drawer that contained pornographic movies and another drawer that contained various sexual toys, including dildos and vibrators.

Wayne Jones, ID technician for the Big Spring Police Department, testified that, through the use of a black light, he identified a stain, which at that time was presumptively believed to be bodily fluid, located in front of both the bed and the television in Proctor's bedroom. The State submitted a picture of the stain into evidence. Using a distilled water swab, Jones swabbed the stain and placed the sample in a container. Jones testified that the sample was sent to the Texas Department of Public Safety lab in Lubbock. Daniel J. Lindley, a forensic scientist in the DNA section of the Texas DPS, testified that the swab contained semen. He further testified that the DNA in the swab was consistent with Proctor's DNA profile. The probability of randomly selecting an unrelated person as the source of the profile was 1 in 25.26 quintillion for Caucasians.

Proctor testified in his own defense that the events described by K.T. never occurred and that the semen located on the floor was a result of his conjugal relations with his wife.

Proctor relies on conflicting testimony between K.T. and Proctor and on inconsistencies in K.T.'s testimony in arguing that the evidence was insufficient to support his conviction. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). The jury was free to believe or disbelieve all or any part of any witness's testimony and was entitled to resolve any conflicts in K.T.'s testimony against Proctor and to conclude that any inconsistencies in her testimony were inconsequential. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Empty v. State*, 972 S.W.2d 194, 196-97 (Tex. App.—Dallas 1998, no pet.).

In order to prove that Proctor committed the offense of aggravated sexual assault as charged in Count Two of the indictment, the State had to show beyond a reasonable doubt that Proctor intentionally or knowingly caused the penetration of K.T.'s mouth by his sexual organ and that K.T. was younger than fourteen years of age. *See* Section 22.021(a)(1)(B)(ii), (a)(2)(B). A complainant's testimony alone is sufficient to support the jury's finding that sexual contact or

3

penetration did in fact occur. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Tinker v. State*, 148 S.W.3d 666, 669 (Tex. App.—Houston [14th Dist.] 2004, no pet.). And, the testimony of a child victim alone is sufficient to support convictions for sexual assault of a child and indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). In addition, a jury could reasonably believe that finding Proctor's semen on the floor where K.T. said it would be corroborated her testimony. Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. Therefore, the evidence is sufficient to support Proctor's conviction for the offense of aggravated sexual assault of a child. Proctor's second issue on appeal is overruled.

In his first issue, Proctor argues that the trial court erred when it denied his motion to suppress evidence received pursuant to the warrant issued to search Proctor's residence. In support of this argument, Proctor makes several contentions, which can be summarized as follows: (1) the warrant was invalid because the magistrate who signed the warrant lacked the authority to do so; (2) the warrant failed to incorporate the affidavit supporting the warrant; and (3) the warrant's descriptions of property to be seized were inadequate, did not meet the Texas Code of Criminal Procedure's specificity requirement, and did not demonstrate evidence of a crime having been committed.

In the days following the sexual assault, Detective Phil Whitten, a Big Spring police officer, took K.T. and her sister, T.T., to the Children's Advocacy Center in Midland after a complaint was made by T.T. about Proctor. The center specializes in interviewing children in a controlled environment. At the center, both T.T. and K.T. were interviewed. From outside the interview rooms, Whitten monitored the interviews. Based on K.T.'s complaint, the police obtained a search warrant to search for evidence of the sexual assault, including semen, sexual toys, and pornographic material.

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a hearing on a motion to suppress, the trial court is the sole factfinder and the judge of the witnesses' credibility, and we may not disturb any finding that is supported by the evidence unless an abuse of discretion is shown. *Id.*; *Davis v. State*, 829 S.W.2d 218 (Tex. Crim. App. 1992). Because the

trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*; *Davila v. State*, 4 S.W.3d 844 (Tex. App.—Eastland 1999, no pet.).

Proctor contends that the magistrate who issued and signed the warrant was not a licensed attorney and that, because he was not an attorney, he was not authorized to issue the warrant. Article 18.01(c) of the Texas Code of Criminal Procedure sets forth the applicable code provision upon which Proctor bases his argument:

> Except as provided by Subsections (d), (i), and (j), only a judge of a municipal court of record or a county court who is an attorney licensed by the State of Texas, a statutory county court judge, a district court judge, a judge of the Court of Criminal Appeals, including the presiding judge, or a justice of the Supreme Court of Texas, including the chief justice, may issue warrants under Article 18.02(10).

TEX. CODE CRIM. PROC. ANN. art. 18.01(c) (Vernon Supp. 2010).

It is uncontested that the magistrate issued the warrant under Article 18.02(10), which provides in relevant part: "A search warrant may be issued to search for and seize . . . property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX. CODE CRIM. PROC. ANN. art. 18.02(10) (Vernon 2005). These search warrants are commonly referred to as evidentiary warrants. *Graves v. State*, 307 S.W.3d 483, 495 (Tex. App.— Texarkana 2010, pet. ref'd) (citing *Mullican v. State*, 157 S.W.3d 870, 873 (Tex. App.—Fort Worth 2005, pet. ref'd)).

Proctor is correct that generally one of the magistrates listed in Article 18.01(c) must issue a warrant under Article 18.02(10). *Id.* However, Article 18.01(i) provides an exception to this rule:

> In a county that does not have a judge of a municipal court of record who is an attorney licensed by the state, a county court judge who is an attorney licensed by the state, or a statutory county court judge, any magistrate may issue a search warrant under Subdivision (10) or Subdivision (12) of Article 18.02 of this code.

In his brief, Proctor acknowledges the existence of the exception; however, he asserts, "There is nothing within the record which shows the applicability of the exception." It is true that there is nothing in the record that specifically states that the exception applies. But there is also nothing in the record that indicates that it does not apply. In his motion to suppress, Proctor stated, in part, the following:

> That on or about October 3, 2008, and November 5, 2008, the Honorable Mark Barr, a non-lawyer County Court Judge of Howard County, signed two search warrants, both of which were alleged evidentiary search warrants. Both warrants are invalid as evidentiary search warrants. Neither warrant "identify, as near as may be, that which is to be seized and namely described, as near as may be, the person, place or thing to be searched" as required by Article 18.04 of the Texas Code of Criminal Procedure.

This is the only mention in the record that the issuing magistrate was not a licensed attorney. Proctor did not offer any evidence in support of the motion, and no one discussed the issue at the hearing on the motion to suppress.

The burden of proof in a hearing on a defendant's motion to suppress is initially upon the defendant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). When no objection is made, a presumption exists that the judge acted properly in the regular discharge of his duties. *Zarychta v. State*, 44 S.W.3d 155, 165 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Because Proctor offered no evidence during the hearing to show that the county court judge who issued the warrant was without authority to do so, he did not overcome the presumption that the judge acted within his authority to issue the warrant. *Id.* Proctor's contention regarding the county court judge's authority to issue the warrant is overruled.

Proctor argues that the warrant did not properly incorporate the affidavit by reference and, thus, constituted nothing more than a general warrant. On the issue of incorporation, the Court of Criminal Appeals has stated the following:

> [W]hen the affidavit is incorporated by reference, it becomes a part of, and can be used to aid the description in, the search warrant. The reason for the rule underscores our recognition that a factual affidavit, upon which the actual instrument of search or seizure must succeed or fail, is usually more specific and meticulous in reciting the information known to an affiant than is the warrant which follows. By nature the affidavit is intended to inform and persuade; the warrant simply executes the determination of probable cause made by the magistrate. When the question on appeal relates to descriptive facts supporting

the probable cause determination, a reviewing court may logically look behind the warrant to the supporting affidavit.

*Green v. State*, 799 S.W.2d 756, 760 (Tex. Crim. App. 1990).

Here, the warrant contains, in pertinent part, the following language: "[Y]ou are commanded to enter the suspected place and premises described in said Affidavit and to search for the property described in said Affidavit and to seize the same and bring it before me." In addition, the warrant specifically provides that the "affidavit is by this reference incorporated herein for all purposes." This language unequivocally incorporates Detective Whitten's affidavit into the warrant.

Proctor also argues that, even if the affidavit was incorporated into the warrant, it is of no effect because there is no showing in the record that the affidavit accompanied any officer in executing the warrant. However, there is no evidence that the affidavit was not present at the search site, and there is no evidence presented of prejudice or harm. As discussed below, during the execution of the search warrant, no evidence was seized that exceeded the scope of the warrant. Proctor's arguments are overruled.

Proctor contends that the description of the property to be seized did not demonstrate evidence of a crime having been committed and did not comport with the requirements of Article 18.01(c)(2). Article 18.01(c)(2) provides, "A search warrant may not be issued under Article 18.02(10) unless the sworn affidavit . . . sets forth sufficient facts to establish probable cause . . . that the specifically described property or items that are to be searched for or seized constitute evidence . . . that a particular person committed that offense." Article 18.01(c)(2). Proctor bases this argument on a portion of Detective Whitten's affidavit, which provides the following:

> The property and items which are located therein and constitute evidence of an offense, and which tends to show that Jon Proctor committed the offense of Aggravated Sexual Assault Of A Child, are more particularly described as the following items from the residence of [Proctor's address].
>
> (1) Semen
> (2) Sexual toys and pornographic material (movies, pictures, magazines)

Proctor contends that the above description is not such that the executing officer would be left with no discretion to decide what may be seized. *See Williams v. Kunze*, 806 F.2d 594 (5th Cir. 1986); *Winkfield v. State*, 792 S.W.2d 727, 731-32 (Tex. App.—Corpus Christi 1990, pet. ref'd).

7

"[W]hen courts examine the description of the place to be searched to determine the warrant's scope, they follow a common sense and practical approach, not a 'Procrustean' or overly technical one." *Long v. State*, 132 S.W.3d 443, 448 (Tex. Crim. App. 2004). In addition to the quoted excerpt above, the affidavit also contained Proctor's address and a description of the residence. It provided that the most recent sexual assault had taken place in Proctor's bedroom. It provided that the vibrating toy that Proctor attempted to insert into K.T.'s vagina and the pornographic movie that Proctor played on his bedroom television during the sexual assault were both retrieved by Proctor from his bedroom dresser. Additionally, it provided where on the bedroom floor Proctor's semen landed after he removed his penis from K.T.'s mouth.

Read as a whole, the warrant and the affidavit contained sufficient descriptions of the items to be seized and also demonstrated that the items sought constituted evidence of a crime. The officers who conducted the search were not left to their own discretions to decide what could be seized. Moreover, the only items seized in the execution of the warrant were those described in the warrant: pornographic movies, sex toys, a pornographic magazine, and two swabs from the bedroom floor. All of these items were seized from Proctor's bedroom.

On this same issue, Proctor specifically contends that the warrant's description of "semen" is insufficient because it did not distinguish whose semen was to be seized. Proctor does not indicate how identifying whose semen was to be seized from Proctor's residence would help the police in narrowing their search. Nevertheless, as described above, the affidavit indicated that the semen was Proctor's. Furthermore, the affidavit contained a specific location where the semen would be – Proctor's bedroom floor.

Additionally, Proctor argues that the description of the pornographic materials and sexual toys was too general. During the trial, Proctor argued in support of his objection that the picture of the open drawer containing various pornographic movies and sexual toys in Proctor's bedroom dresser should not be allowed into evidence until K.T. specifically identified the ones that were used during the assault. The State argued that it was unrealistic to expect her to know which one was used during the sexual assault. We agree; when read as a whole, the description provided in the warrant and affidavit was sufficient. The magistrate did not abuse his discretion when he found that the search warrant described the items to be seized with sufficient specificity.

Proctor's contention that the warrant failed due to its description being too general is overruled. We overrule Proctor's first issue on appeal.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


October 6, 2011

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.