AFFIRM; Opinion issued December 21, 2012.



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-11-01442-CR

ANTHONY PEACE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F10-12535-Y

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

A jury convicted Anthony Peace of indecency with a child, found two enhancement allegations were true, and assessed punishment of life imprisonment. On appeal, Peace argues the evidence is insufficient to support the conviction and the trial court erred by granting the State's hearsay objection to testimony by the child's grandmother about statements made by the child's counselor and by including a definition of reasonable doubt in the jury charge. We affirm the trial court's judgment.

## Background

M.A. testified that she was twelve years old in April 2009. She lived with her mother, A.R., her younger sister, A.A., and her stepfather, Peace. At approximately 11:00 p.m. one evening in

mid-April, M.A. was asleep in her room. Peace came into the room and said he needed to talk to M.A. about something. M.A. went downstairs with Peace, and they went into A.R. and Peace's bedroom. Peace shut the door and told M.A. to take off her clothes.

M.A. started to cry and said, "no." Peace told M.A. that he was "just playing." Peace then started talking about a boy who lived across the street from M.A. M.A. sat on the bed, and Peace sat beside her. Peace rubbed M.A.'s thigh and then put his hand under her shirt and rubbed her breast on top of her bra. M.A. told Peace that she was sleepy, and he stopped touching her.

M.A. went upstairs and took A.A. into M.A.'s room because M.A. did not want Peace "to do the same thing" to A.A. Peace later came upstairs three times. The first time Peace retrieved the telephone. The second and third times, Peace looked into M.A.'s room, but did not say anything.

The next day, M.A. was crying in her classroom at school. Kimberly Allen, M.A.'s teacher, wrote M.A. a note asking M.A. what was wrong. M.A. wrote on the note that her "stepdad tried to rape [her]." M.A. testified that she said this because she "that's what it felt like he was doing." Allen took M.A. out of the classroom and, after speaking with M.A., notified the school counselor, Debra McDonnell.

According to McDonnell, M.A. was crying and upset. M.A. told McDonnell that M.A.'s stepfather called her into his room the night before and told her to get into bed. He then put his hand under her nightgown and felt her breasts. McDonnell testified M.A. also said Peace tried to talk M.A. into taking her gown off and lying on him. After speaking with M.A., McDonnell contacted child protective services. M.A.'s grandmother and grandfather came to the school. M.A.'s mother came to the school later and appeared to be upset with M.A.

M.A. and A.A. immediately went to live with their grandmother, E.B. According to both M.A. and E.B., A.R. did not believe M.A.'s allegation. M.A. was angry with her mother, so E.B.

obtained counseling for M.A. with Karen Alexander to address the anger issues. Alexander confirmed that she worked with M.A. on anger issues, but was not aware that M.A.'s anger was directed toward any individual person. M.A. returned to live with A.R. shortly before trial. According to M.A., A.R. was now acting as if she believed M.A.

The jury convicted Peace of indecency with a child, found two enhancement allegations true, and sentenced him to life imprisonment.

### Sufficiency of the Evidence

In his first point of error, Peace asserts the evidence is insufficient to establish he acted with the intent to arouse or gratify his sexual desire. We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see also Adames*, 353 S.W.3d at 860. The jury, as the fact finder, is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We defer to the jury's determinations of credibility, and may not substitute our judgment for that of the fact finder. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (in conducting legal sufficiency analysis, appellate court "may not re-weigh the evidence and substitute our judgment for that of the jury"). "Circumstantial evidence is as probative as direct evidence in establishing the

guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits the offense of indecency with a child by engaging in sexual contact with a child younger than seventeen years of age. TEX. PENAL CODE ANN. § 21.11(a) (West 2011). "Sexual contact" includes touching by a person, including touching through clothing, of the breast of a child with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1). The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012); *Proctor v. State*, 356 S.W.3d 681, 685 (Tex. App.—Eastland 2011, pet. ref'd); *see also Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd) (child's testimony sufficient to support conviction for aggravated sexual assault).

Whether the person possessed the requisite intent to commit an offense is most often proven through the circumstantial evidence surrounding the crime. *Sholars v. State*, 312 S.W.3d 694, 703 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd). The jury may infer the requisite intent from the acts, words, and conduct of the accused. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001); *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995); *Scholars*, 312 S.W.3d at 703. In the context of indecency with a child, the jury can infer the intent to arouse or gratify from conduct alone. *Scott*, 202 S.W.3d at 408; *see also McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). "No oral expression of intent or visible evidence of sexual arousal is necessary." *Scott*, 202 S.W.3d at 408; *see also Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.).

M.A. testified that Peace asked her to come into his bedroom and then asked her to take off her clothes. After M.A. started crying, Peace told her that he was "just playing." However, after M.A. sat on the bed, Peace sat beside her and started rubbing her thigh. Peace then put his hand under M.A.'s clothes and started rubbing her breast over her bra. McDonnell testified that M.A. told her that Peace also asked M.A. to take off her clothes and lie on him. According to M.A., it felt as if Peace was trying to rape her.

Viewing the evidence in a light most favorable to the verdict, we conclude the evidence is sufficient to support the jury's finding that Peace touched M.A.'s breast with the intent to arouse or gratify himself. *See Scott*, 202 S.W.3d at 409 (jury could infer requisite intent from child's testimony that defendant reached under her shirt to touch her breasts); *Fetterolf v. State*, 782 S.W.2d 927, 933 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (requisite intent to arouse found from defendant's touching sleeping child's breast). We resolve Peace's first point of error against him.

### Admissibility of Evidence

In his second point of error, Peace contends the trial court erred by sustaining the State's hearsay objection to a question directed to E.B. about information she learned from Allen. During cross-examination, Peace's trial counsel asked E.B. whether she was concerned about "what was going on" in M.A.'s therapy sessions. E.B. responded affirmatively. Peace's counsel then asked E.B. whether "y'all" discussed those issues. E.B. stated, "yes." Peace's counsel then asked, "What did they tell you just about her condition?" The State objected the question called for hearsay, and the trial court sustained the objection. Peace's counsel proceeded to question E.B. about another topic. On appeal, Peace argues the evidence was admissible under rule of evidence 803(4) because

the question asked E.B. to detail what Alexander reported to her about M.A.[1]

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Peace did not argue in the trial court, and does not argue on appeal, that the question in issue did not call for a hearsay response. Rather, Peace argues on appeal that E.B.'s response would have been admissible under an exception to the hearsay rule.

With respect to evidentiary rulings admitting or excluding evidence, "appellate courts may *uphold* a trial court's ruling on any legal theory or basis applicable to the case, but usually may not *reverse* a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised." *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (emphasis in original). "Once the opponent of hearsay evidence makes the proper objection, it becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character." *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008); *see also Estrada v. State*, 313 S.W.3d 274, 313 (Tex. Crim. App. 2010) ("[I]t is the responsibility of the proponent to inform the court of the existence of an exception to the hearsay rule."); *Reyna v. State*, 168 S.W.3d 173, 177–78 (Tex. Crim. App. 2005) (to preserve complaint about trial court's exclusion of evidence, proponent must tell trial court why the evidence was admissible); *Willover v. State*, 70 S.W.3d 841, 845–46 (Tex. Crim. App. 2002) (defendant has duty to articulate to trial court particular hearsay exception or specify how proffered evidence is not hearsay).

---

[1] Rule of evidence 803(4) provides that statements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment are not excluded by the hearsay rule even though the declarant is available as a witness. TEX. R. EVID. 803(4).

After the trial court sustained the State's hearsay objection, Peace failed to argue to the trial court that a relevant hearsay exception applies. Peace, therefore, failed to preserve his argument for our review. TEX. R. APP. P. 33.1(a)(1)(A); *Estrada*, 313 S.W.3d at 313; *Reyna*, 168 S.W.3d at 177; *Willover*, 70 S.W.3d at 845–46. We resolve Peace's second point of error against him.

## Jury Charge

In his third point of error, Peace asserts the trial court erred by submitting a charge to the jury that contained a definition of reasonable doubt. Peace specifically complains about the instruction in the jury charge that "it is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof exclude all reasonable doubt concerning the defendant's guilt." Peace did not object to the jury charge at trial.

Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). Peace contends the complained-about instruction impermissibly defines "reasonable doubt." *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). However, the court of criminal appeals has concluded a trial court does not abuse its discretion by giving the complained-about instruction. *Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 1606 (2011) (citing *Woods v. State*, 152 S.W.3d 105, 114 (Tex. Crim. App. 2004)); *see also O'Canas v. State*, 140 S.W.3d 695, 702 (Tex. App.—Dallas 2003, pet. ref'd) (complained-about instruction "simply states the legally correct proposition that the prosecution's burden is to establish proof beyond a *reasonable* doubt and not *all possible* doubt" and does not define "reasonable doubt" (emphasis in original)). Accordingly, we resolve Peace's third point of error against him.

We affirm the trial court's judgment.

_____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
Tex. R. App. P. 47

111442F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY PEACE, Appellant

No. 05-11-01442-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas. (Tr.Ct.No. F10-12535-Y).

Opinion delivered by Justice Fillmore, Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 21, 2012.

ROBERT M. FILLMORE
JUSTICE