**Opinion filed August 22, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00149-CR

_____

## RANDY VIRGIL ECHOLS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CR-03450**

### M E M O R A N D U M   O P I N I O N

The jury convicted Randy Virgil Echols of the offense of indecency with a child by contact and assessed punishment at confinement for twenty years. The trial court sentenced him accordingly. Appellant challenges the sufficiency of the evidence and the award of court costs. We modify and affirm.

# I. *Background*

Three half sisters, Susan, Carolyn,[1] and K.L., went to Proctor Lake to camp and visit with their extended family. K.L. was ten years old, Carolyn was fourteen, and Susan was eighteen. After arriving on Friday afternoon, K.L. and several other children built sand castles, swam, and played tag. K.L. and Susan have different fathers, but K.L. stayed in a travel trailer that weekend with Susan; Susan's father; his wife, Neeley;[2] and their infant son. Appellant is Neeley's father.

Susan and K.L. slept on the couch bed with their dog. During the night, K.L. was awoken by someone rubbing her feet and her legs. That person pulled off K.L.'s shorts, put his hands under her swimsuit, and rubbed her bottom. He also put his hand under her swimsuit top and rubbed her chest. When K.L. tried to turn over, as if she was having a dream, the man turned her back over and held down her legs. The man held K.L.'s feet on his shoulders, took off her swimsuit bottoms, and began to touch her inside her front private area with his finger and tongue. He also put his finger "inside [her] back." K.L. agreed that her "back" is where she "go[es] poop from." When either Susan or the dog moved in the bed, the man put K.L.'s shorts back on.

K.L. testified that she thought she poked at Susan to get Susan's attention throughout this experience but that she mistakenly poked the dog. When the dog finally moved, K.L. poked Susan "really hard." Susan awoke startled and saw someone lunge to the floor, and she shined a light from her cell phone in the direction of the person. Susan called her boyfriend, and while they were talking, she sent him a text in which she told him that Appellant was lying on the floor of the travel trailer. When Susan showed the text to K.L., K.L. nodded to indicate that she also thought Appellant was the person on the floor. Susan yelled for her

---

[1]Pseudonyms are used to protect the privacy of minors.

[2]Again, pseudonyms are used to protect the privacy of minors.

2

"dad." Appellant then reached up to the door latch, opened the door, and pretended to be entering the camper. After Appellant got a glass of tea, he went outside.

Susan told her dad that Appellant "was creeping on us and he ran off," and her dad went to talk to Appellant. While her dad was outside, Susan asked K.L. whether she knew that Appellant was inside. K.L. said that she did and that Appellant had touched her. Susan immediately went outside, told her dad, and called her mom. Susan, Carolyn, and K.L. walked to some bathrooms that were located across the street and waited for their mom to arrive with the police. K.L. realized when she used the restroom that the man had taken off her swimsuit bottoms but had not put them back on. The girls retrieved the swimsuit and the rest of their belongings and left with their mother. K.L.'s mother took her to be examined by a sexual assault nurse examiner.

## II. *Issues Presented*

Appellant asserts in his first issue that the evidence supporting his conviction is insufficient to show that he touched the breast of the victim, as alleged in the indictment. In his second issue, he challenges the award of $538 in court costs, as ordered in the judgment.

## III. *Analysis*

### A. *Sufficiency of the Evidence*

We review a challenge to the sufficiency of the evidence under the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, we review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The testimony of the child victim alone is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012); *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005); *Proctor v. State*, 356 S.W.3d 681, 685 (Tex. App.—Eastland 2011, pet. ref'd). The rules related to child witnesses "reflect the important public policy that we cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (citing *Nilsson v. State*, 477 S.W.2d 592 (Tex. Crim. App. 1972), and *Luna v. State*, 515 S.W.2d 271 (Tex. Crim. App. 1974)).

"To expect such testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crimes such as the instant offense in order to evade successful prosecution." *Id.* Because a child "may lack the technical knowledge to accurately describe parts of his or her body," we review the evidence to determine whether "the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of [sexual contact]." *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977).

Appellant was indicted for the offense of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Sexual contact with a child is defined as touching a child's "anus, breast, or any part of the genitals" with the intent to arouse or gratify a person's sexual desires. *Id.* § 21.11(c)(1). As alleged in the indictment and as relevant to this issue on appeal, the State had to prove that Appellant touched the victim's breast.

According to Appellant, "[a] summary of the evidence is that [Appellant] rubbed K.L.'s upper chest, that he put his hand under K.L.'s bathing suit top, and that he rubbed her back." Appellant contends that this is insufficient because the jury did not know what the bathing suit top looked like, because Appellant could

4

have put his hand under the swimsuit top and touched K.L.'s back instead of front, and because K.L.'s outcry was limited to accusations that Appellant touched her "female genital area." It is the State's position that "K.L.'s testimony that she was touched on her upper chest underneath the top part of a two-piece bathing suit is sufficient."

Appellant cites *Nelson v. State* to support his argument that K.L.'s testimony that Appellant touched her upper chest is insufficient because the definition of chest is broader than the definition of breast. *Nelson v. State*, 505 S.W.2d 551 (Tex. Crim. App. 1974). The Court of Criminal Appeals concluded in *Nelson* that "[t]he testimony 'He rubbed my chest' is insufficient proof to sustain the averment in the indictment that appellant did 'place his hand against the breasts'" of the victim. *Id.* at 552. The court distinguished the testimony there from that of other cases and reasoned that "while the victims therein did not use the precise words set forth in the indictments, their testimony was sufficient to identify the area of the body alleged to have been violated by the accused." *Id.* Appellant's reliance on *Nelson* is misplaced because K.L.'s testimony here is more specific than the testimony in *Nelson*.

K.L. testified that Appellant "touched me on my front on my upper chest" and that she did not have a word for her upper chest. K.L. told the jury that she was still wearing her bathing suit top and that Appellant put his hand "under the bathing suit top." Based on K.L.'s testimony, a jury could have found beyond a reasonable doubt that Appellant touched K.L.'s breast. *See Ball v. State*, 289 S.W.2d 926, 928 (Tex. Crim. App. 1956) ("We conclude that the prosecutrix' testimony that the appellant raised up her dress, pulled down her panties, and put his hand on her leg and on her privates is sufficient to support" the jury's verdict that he placed his hand against the victim's vulva). Appellant's first issue is overruled.

*B. Court Costs*

Appellant challenges the court costs contained in the judgment. Appellant contends that the court costs set forth in the judgment "cannot properly be assessed" against him "[b]ecause it does not appear that any written bill of costs has ever been prepared."

"If a criminal action . . . is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). These statutes do not require that a bill of costs exists at the time of the judgment, and when the trial court's assessment of costs is challenged on appeal, it is appropriate to supplement the record because a bill of costs is required. *See* TEX. R. APP. P. 34.5(c) (permitting supplementation of the appellate record with any relevant item). Here, the district clerk produced a "Bill of Cost" after Appellant challenged the trial court's assessment of court costs. Therefore, we construe Appellant's complaint as a sufficiency challenge to the trial court's assessment of costs.

We review a challenge to the sufficiency of the evidence regarding costs by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). A judgment shall "adjudge the costs against the defendant, and order the collection thereof." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006).

A defendant who has been convicted of a felony offense must pay certain court costs and fees as mandated by statute, but the costs vary depending on the

offense, the facts of the case, and the procedural posture. The record demonstrates that Appellant was convicted of a second-degree felony offense in district court, which supports each of the following fees and costs listed in the bill of costs:

- $40 "District Clerks Fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006) ("A defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40."));

- $25 "Records Management & Preservation Fee" (*See id.* art. 102.005(f) ("A defendant convicted of an offense in . . . a district court shall pay a fee of $25 for records management and preservation services."));

- $5 "Courthouse Security Fund" (*See id.* art. 102.017(a) (West Supp. 2012) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court."));

- $4 "Juror Reimbursement Fund-State" (*See id.* art. 102.0045(a) ("A person convicted of any offense . . . shall pay as a court cost, in addition to all other costs, a fee of $4 . . . ."));

- $25 "Time Payment" (*See* TEX. LOCAL GOV'T CODE ANN. § 133.103(a) (West Supp. 2012) ("A person convicted of an offense shall pay, in addition to all other costs, a fee of $25 . . . ."));

- $3 "Judiciary Support" (*See id.* § 133.105(a) ("A person convicted of any offense . . . shall pay as a court cost . . . a fee of $6 . . . ."));

- $20 "Jury Fee" (*See* CRIM. PROC. art. 102.004(a) ("A defendant convicted by a jury in . . . a district court shall pay a jury fee of $20.")); and

- $250 "DNA Testing Cost" (*See* TEX. GOV'T CODE ANN. § 411.1471(a)(1)(B) (West 2012) (requiring a defendant who is indicted for the offense of indecency with a child to pay a DNA record fee)).

7

Each of these fees is authorized by statute and supported by the evidence. However, a $29 fee for the "EMS Trauma Fund," which is authorized for "intoxication convictions," is not authorized here because this is not an intoxication case. *See* CRIM. PROC. art. 102.0185(a). A consolidated court cost for a felony conviction is authorized by statute, but the statute only authorizes a fee of $133 instead of the $137 that is included in the bill of costs. *See* LOCAL GOV'T § 133.102(a)(1). We conclude that the evidence is insufficient to support the total court costs assessed at $538 and sustain in part Appellant's second issue. After verifying the fees contained in the bill of costs, we further conclude that the evidence is sufficient to assess court costs of $505.

## IV. *This Court's Ruling*

Having sustained in part Appellant's second issue on appeal, we modify the trial court's judgment to reflect that the amount of court costs is $505. *See* TEX. R. APP. P. 43.2(b). We affirm the trial court's judgment as modified.

MIKE WILLSON

JUSTICE

August 22, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.