ACCEPTED
01-15-00532-cr
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/24/2015 3:58:58 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00532-CR
## IN THE COURT OF APPEALS FOR THE
## FIRST JUDICIAL DISTRICT

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/24/2015 3:58:58 PM
CHRISTOPHER A. PRINE
Clerk

## NO. 1453096
## IN THE 248TH DISTRICT COURT OF
## HARRIS COUNTY, TEXAS

**ROMELO HERNANDEZ DIAZ**

**APPELLANT**

**VS.**

**THE STATE OF TEXAS**

**APPELLEE**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/24/2015 3:58:58 PM
CHRISTOPHER A. PRINE
Clerk

## APPELLANT'S BRIEF

**KEN GOODE**
**P.O.Box 590947**
**Houston, Texas 77259**
**(409) 779-3631**
**State Bar # 08143200**
**Goodedkc@msn.com**

## IDENTIFICATION OF THE PARTIES

Romelo Hernandez Diaz                    Appellant
TDCJ-ID
Huntsville, Texas

Juan Aguirre                             Trial Defense Attorney
2028 Buffalo Terrace,
Houston, Texas

Cara Burton                              Trial Prosecutor
1201 Franklin
Houston, Texas

Hon. Katherine Cabaniss                  Trial Judge
1201 Franklin
Houston, Texas

Ken Goode                                Appellate Attorney
P.O. Box 590947
Houston, Texas

Devon Anderson                           Appellate D.A.
1201 Franklin
Houston, Texas

# TABLE OF CONTENTS

Identification of the Parties............................................................ i

Table of Contents..................................................................... ii

Index of Authorities.................................................................. iii

Statement of the Case............................................................. 1

Issues Presented...................................................................... 2

Summary of the Argument...................................................... 3

Statement of Facts.................................................................. 4

Argument................................................................................ 9

Prayer for Relief...................................................................... 16

Certificate of Service.............................................................. 17

Certificate of Word Count Compliance.................................. 17

# INDEX OF AUTHORITIES

## CASES

**Brooks v. State,**
    323 S.W.3d 893 (Tex. Crim. App. 2010)..................................... 9

**Connell v. State,**
    233 S.W.3d 460 (Tex. App.-Fort Worth 2007, no pet.)................. 10

**Conner v. State,**
    67 S.W.3d 192 (Tex. Crim. App. 2001)..................................... 10

**Graham v. State,**
    643 S.W.2d 920 (Tex. Crim. App. 1983)................................... 15

**Hooper v. State,**
    214 S.W.3d 9 (Tex. Crim. App. 2007)....................................... 9

**Long v. State,**
    800 S.W.2d 545 (Tex. Crim. App. 1990)................................... 13

**Proctor v. State,**
    356 S.W.3d 681 (Tex. App.-Eastland 2011, pet. ref'd.)................. 10

**Scott v. State,**
    202 S.W.3d 405 (Tex. App.-Texarkana 2006, pet. ref'd.)............... 10

**Soto v. State,**
    267 S.W.3d 327 (Tex. App.-Corpus Christi 2008, no pet.).............. 10

**State v. Kurtz,**
    152 S.W.3d 72 (Tex. Crim. App. 2004)..................................... 12

**Villalon v. State,**
    791 S.W.2d 130 (Tex. Crim. App. 1990)................................... 10

**Winegarner v. State,**
235 S.W.3d 787 (Tex. Crim. App. 2007)........................................................ 12


## STATUTES & RULES

TEX. CODE CRIM. PRO.  Art . 38.072.................................. ..................... 13

TEX. R. EVID. 801(a)........................................................................ 15

TEX. R. APP. PROC. 44.2(b)............................................................... 16

**TO THE HONORABLE JUDGES OF SAID COURT:**

Comes now Romelo Hernandez Diaz, appellant, and in support of this brief shows as follows:

## STATEMENT OF THE CASE

Appellant was charged by indictment with indecency with a Child (C. R.-8);

Appellant pleaded not guilty and proceeded to jury trial (C.R.-394)

The jury found appellant guilty and assessed 40 years in prison and a fine in the amount of $10,000 (C.R.-392).

Appellant timely filed notice of appeal (C.R.- 397).

The trial court certified that appellant has the right to appeal (C.R.-393).

## ISSUES PRESENTED ON APPEAL

**POINT OF ERROR 1**

THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE
CONVICTION FOR INDECENCY WITH A CHILD

**POINT OF ERROR 2**

THE TRIAL COURT ERRED BY FAILING TO CONDUCT A
RELIABILITY HEARING PRIOR TO ADMITTING OUTCRY
TESTIMONY FROM LISA HOLCOMB

## SUMMARY OF THE ARGUMENT

Appellant brings two points of error. The first challenges the sufficiency of the evidence to establish that the element of identity.

The second point asserts error in the admission of outcry testimony without the mandatory reliability hearing under article 38.072 of the Texas code of Criminal Procedure.

## STATEMENT OF FACTS

Appellant challenges the sufficiency of the evidence. The record reveals the following salient facts presented at trial in this prosecution for Indecency with a Child:

### State's Evidence

The State's first witness was Wilma Lowe, the mother of the complainant. She testified that appellant began dating her mother in 2004 and was living with her mother at the time the complainant made outcry of sexual misconduct in February of 2012 (R.R.-3-30).

According to Lowe, her children, including the complainant, who was 11 years old in February of 2012, called appellant "Tio Romelo.". (R.R.-3-38). She recalled appellant having given the complainant $50 as a gift prior to the outcry incident. (R.R.-3-39-40).

Lowe testified that she dropped her children, including the complainant, off at her mother's trailer while she attended night school on February 17, 2012. She wanted to stay later and attend a party so she called her mother to ask that the children stay longer than planned. (R.R.-3-40).

[4]

Her mother refused so Lowe angrily went over to her mother's trailer. When the children got in her vehicle, the complainant told her that she knew why her grandmother wouldn't watch them anymore. The complainant told Lowe that appellant had been touching her "down there." (R.R.-3-46). Lowe drove back to the trailer and confronted her mother with the complainant's allegation and threatened to call the police. Appellant ran out the back door and was seen running down the esplanade on the beltway (R.R.-3-48-49).

Lowe testified that only a wellness exam was conducted on the complainant at that time and the results did not reveal any injuries (R.R.-3-53).

The State's next witness was Deputy Garza of the Sheriff's Office. She was dispatched to the appellant's home on February 17, 2012 in response to the report made by Wilma Lowe (R.R.-3-78). Garza stated that the report was that an 11 year old had been sexually assaulted by her grandmother's boyfriend, who had fled the scene. She added that the name of the suspect was Romelo Diaz. (R.R.-3-83).

She interviewed Wilma Lowe at the scene. According to her, Lowe told her that the complainant stated that appellant had touched her "down there." 9R.R.-3-87).

Garza also spoke with the complainant's grandmother. Initially the grandmother said she didn't think anything had happened, but changed her mind and stated that she believed her grandchildren and expressed surprise that it happened under her nose. (R.R.-3-104).

Garza interviewed the complainant, who told her that when she was 10 years old she had fallen asleep in her bathing suit at appellant's home and had been awakened by appellant touching her private area. She pointed to her breast and genitalia area to demonstrate (R.R.-3-108).

The complainant told Garza that appellant was very drunk, and gave her $50 after touching her breast and genitalia (R.R.-3-109). The complainant stated that the first time appellant had touched her was when she was 9 years old (R.R.-3-109).

The State's next witness was Lisa Holcomb, a forensic interviewer with the Children's Assessment Center. She testified that the complainant disclosed to her that she had been sexually abused, and was certain about the details (R.R.-3-127). Holcomb testified that the complainant reported

[6]

multiple incidents and pointed to the body parts affected, namely, her breast and private parts (R.R.-3-133-134). Holcomb believed that the complainant was reliving the abuse when she provided details (R.R.-3-131).

The complainant was the State's next witness. She testified that on two separate occasions she had fallen asleep and been awakened by appellant touching her private parts over her clothing. She explained that her private parts were her breast and vagina. One occurred at her home; the other occurred at appellant's trailer (R.R.-3-167-208).

Regarding the incident in her house, she stated that she knew it was appellant even though it happened in the dark at night because the TV was on and provided enough light for her to identify him (R.R.-3-190).

Regarding the incident at appellant's trailer, she stated that during the commission of the act it was too dark to see appellant's face, but she smelled alcohol on him and could see his hair (R.R.-3-168).

She added that he stopped for awhile and went in the restroom and turned on the light, which enabled her to recognize that it was appellant (R.R.-3-217)

The complainant testified that she first told her grandmother, who told her it would remain a secret between them (R.R.-3-199).

She recalled that during the incident at appellant's trailer he placed her hand on his private part, and gave her $50 the next morning (R.R.-3-195).She had originally, in her interview at the Children's Assessment Center, been unsure whether she might have felt only appellant's finger. (R.R.-3-217).

Danielle Madera, staff psychologist at the Children's Assessment Center, was the State's final witness. After observing the complainant testify, she expressed the opinion that the complainant was remembering actual events. She pointed to the complainant's mention of sensory details, such as the odor on appellant during the incident (R.R.-3-231).

She explained why delay in outcry is common in child sexual abuse cases, and described the grooming process whereby a perpetrator gains the trust of a child and or her family (R.R.-3-223).

According to Madera, children do not typically lie about sexual abuse. She cited literature in the field of child sexual abuse which estimated that between 2 and 4 percent of sexual abuse complaints made by children are false, and usually occur in child custody settings (R.R.-3-230-235).

She expressed the opinion that such was not present in this case (R.R.-3-232).

**ARGUMENT AND AUTHORITIES**

**POINT OF ERROR NO. 1**

THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE
CONVICTION FOR INDECENCY WITH A CHILD

**I.**

**A. Standard of Review**

Review of appellant's challenge to the sufficiency of the evidence requires that this court consider all of the evidence in the light most favorable to the verdict. **Brooks v. State,** 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

If, when viewed in this light, any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt, then the evidence is sufficient to support the verdict. **Hooper v. State,** 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits indecency with a child by engaging in sexual contact with a child younger than seventeen years of age. Tex. Penal Code Ann. sec. 21.11(a)(1). "Sexual contact" includes touching by a person, including touching through clothing, of the genitals of a child with the intent to arouse or gratify the sexual desire of any person. **Id.** sec. 21.11(c)(1).

The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. **Proctor v. State**, 356 S.W.3d 681, 685 (Tex. App.-Eastland 2011, pet. ref'd.).

Whether the defendant possessed the requisite intent to commit an offense is often proven through circumstantial evidence surrounding the crime. **Scott v. State,** 202 S.W.3d 405, 408 (Tex. App.-Texarkana 2006, pet. ref'd.). The jury may infer the requisite intent from the acts, words, and conduct of the accused. **Conner v. State,** 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).

In the context of indecency with a child, the jury can infer the intent to arouse or gratify from conduct alone. **Scott**, 202 S.W.3d at 408. No oral expression of intent or visible evidence of sexual arousal is necessary. **Connell v. State**, 233 S.W.3d 460, 467 (Tex. App.-Fort Worth 2007, no pet.).

The courts will give wide latitude to testimony given by child victims of sexual abuse. **Villalon v. State,** 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).

The victim's description of what happened need not be precise, and the child is not expected to communicate with the same level of sophistication as an adult. **Soto v. State,** 267 S.W.3d 327, 332 (Tex. App.-Corpus Christi 2008, no pet.).

Corroboration of the victim's testimony by medical or physical evidence is not required. **Id**. at 332.

## B. The Evidence

The complainant's testimony adequately shows that by the term "princess parts" she was referring to her genitalia and breast. Moreover, there is sufficient evidence to establish the genital touching, including touching through clothing, necessary for the sexual contact element of indecency with a child.

However, appellant asserts that there is insufficient evidence to establish beyond a reasonable doubt that he perpetrated the criminal offense.

The complainant testified about two incidents of sexual abuse. According to her, both events occurred at night in the dark when she was sleeping. (R.R.-3-167-208).

Concerning the earliest incident, which occurred in her home, she testified that the only available light was from a TV in the room; Concerning the second incident, which occurred in appellant's trailer, she testified the only light was provided when she observed appellant in a nearby bathroom. (R.R.-3-168-217).

[11]

Notwithstanding evidence of flight by appellant when confronted by the complainant's agitated mother, (R.R.-3-48-49), appellant asserts that no rational juror could have found the essential element of identity beyond a reasonable doubt.

This point of error should be sustained and an acquittal entered.

**POINT OF ERROR NO. 2**

THE TRIAL COURT ERRED BY FAILING TO CONDUCT A RELIABILITY HEARING PRIOR TO ADMITTING OUTCRY TESTIMONY FROM LISA HOLCOMB.

**I.**

**A. Standard of Review**

This court reviews the admission of evidence under an abuse of discretion standard. **Winegarner v. State,** 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). A trial court has no discretion in determining what the law is or applying the law to the facts. **State v. Kurtz,** 152 S.W.3d 72, 81 (Tex. Crim. App. 2004).

An outcry statement is not inadmissible because of the hearsay rule if, among other things, a trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content,

[12]

and circumstances of the statement . TEX. CODE CRIM. PROC. ANN. art. 38.072 (2)(b)(2).

A general hearsay objection is sufficient to preserve a complaint on appeal that a trial court did not hold an article 38.072 reliability hearing. **Long v. State,** 800 S.W.2d 545, 548 (Tex. Crim. App. 1990) (noting that the provisions of article "are mandatory, and must be complied with in order for a statement to be admissible over a hearsay objection.")

### B. The Evidence

Appellant anticipated that Lisa Holcomb would testify as regards statements the complainant had made to her during a forensic interview conducted under the auspices of the Children's Assessment Center.

Defense counsel lodged the following objection to the proposed testimony:

"I believe that the testimony that would come from Ms. Holcomb would be an outcry witness, yet this witness has just testified as to the outcry meeting all the statutory requirements as questioned by Ms. Burton. So in essence I would ask this witness not be allowed to testify since we've already had the outcry witness."

(R.R.-3-112).

The prosecutor stated that "I don't want to offer any outcry statement from her." (R.R.-3-112).

No reliability hearing was conducted; the trial court overruled appellant's objection. (R.R.-3-112).

Lisa Holcomb was permitted to testify concerning verbal and non-verbal statements made by the complainant over the course of a forensic interview. In addition, two photographs taken from the videotape of the forensic interview which showed the complainant touching her body were admitted as evidence. (R.R.-3-112-139). The State elicited the following hearsay statements from Holcomb:

- That the child disclosed to her that she had been sexually abused;

- That the child was certain as to the details;

- That the child was certain as to the person who sexually abused her;

- That the child named only one perpetrator;

- That the child disclosed multiple instances of abuse;

- That the child provided sensory details, and a specific time frame;

- That the child was able to explain to her what body parts had been touched;

[14]

- That the child demonstrated to her, as depicted in State's Exhibits 120 and 121, the parts of her body that had been touched;

- That the child demonstrated to her that she had been touched on her breast and privates.

(R.R.-3-127-134).

## C. Harm

The trial court erred in admitting Holcomb's testimony recounting the child's statements, including the nonverbal conduct of the child which was clearly intended as a substitute for verbal expression. **See** TEX. R. EVID. 801(a); **Graham v. State,** 643 S.W.2d 920 (Tex. Crim. App. 1983).

Harm is apparent from the record. The State in final argument emphasized the importance of Holcomb's testimony, stating "And you know that she gave a clear and concise and consistent outcry to Lisa Holcomb." (R.R.-3-260.

Holcomb's testimony was not merely cumulative of other evidence presented. For example, Holcomb testified that the child detailed multiple incidents of sexual abuse.

[15]

Appellant's substantial rights were affected and reversal is warranted under Texas Rule of Appellate Procedure 44.2(b).

This point of error should be sustained and a new trial ordered.

## PRAYER FOR RELIEF

WHEREFORE, appellant prays that his points of error be sustained and a judgment of acquittal be ordered or in the alternative that a new trial be ordered.

Respectfully submitted,

/S/KEN GOODE_____
P.O.Box 590947
Houston, Texas 77259
(409) 779-3631
State Bar No. 08143200

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered to the State this 25st day of September 2015 by hand delivery at 1201 Franklin, Houston, Texas 77002.

/S/KEN GOODE_____

## CERTIFICATE OF WORD COUNT COMPLIANCE

Relying on the word count function in the word processing software used to produce this document I certify that the number of words used in this appellate brief is 2100.

/S/KEN GOODE_____